ANNORA MITCHELL vs. CITY OF WORCESTER.

Worcester. October 7, 1880. COLT & MORTON, JJ., absent.

If the notice required by the St. of 1877, c. 234, to be given to a city or town in case of an injury by a defect in a highway, is not given within thirty days thereafter, the burden of proof, in an action by the person injured against the city or town, is on the plaintiff to show that he was so physically or mentally incapacitated that he could not give the notice within the thirty days either by himself or by some other person in his behalf.

TORT for personal injuries, occasioned to the plaintiff, on November 21, 1878, by a defect in a sidewalk in the defendant city. Trial in the Superior Court, before *Dewey*, J., who reported the case for the determination of this court in substance as follows:

No notice of the injury was given to the defendant until February 13, 1879, when it was given by the plaintiff's attorney. The defendant contended that the plaintiff could not maintain this action, because she had not given the notice required by

---

statute.   The judge ruled that, when notice is not given until after thirty days from the time of the accident, the burden of proof is on the plaintiff to show that the omission to give the notice was on account of physical or mental incapacity to give it.

Evidence was introduced as to the plaintiff's physical and mental capacity during and after said thirty days.   The judge ruled that if the jury found that the plaintiff was not so incapacitated either physically or mentally but that she might have given the notice required by statute, through some other person, within the thirty days after the accident, though she was not able to go personally and give it, on account of physical inability, and she did not give nor cause any notice to be given until after the thirty days, she could not maintain this action.

The jury returned a verdict for the defendant.   If the rulings were erroneous, the verdict was to be set aside and a new trial ordered; otherwise, judgment on the verdict.

*W. A. Gile*, for the plaintiff.

*F. T. Blackmer*, for the defendant, was not called upon.

GRAY, C. J.   The rulings at the trial were correct.   The notice required by the St. of 1877, *c.* 234, §§ 3, 4, before bringing an action for an injury occasioned by a defect in a highway, may be given by the person injured, or by any other person in his behalf; and, if the person injured is neither physically nor mentally incapacitated to give such notice himself or through another person, is a condition precedent to the right of action.   *Kenady* v. *Lawrence*, 128 Mass. 318.   *Gay* v. *Cambridge*, 128 Mass. 387. *Larkin* v. *Boston*, 128 Mass. 521.   The case at bar does not present the question what might be the effect if the person injured continued to be so incapacitated for two years after the injury.

*Judgment on the verdict.*