## DANIEL McNULTY *vs.* CITY OF CAMBRIDGE.

Middlesex.   January 17, 1881.   COLT, J., absent.

If a person, who is injured by a defect in a highway in a city, requests a friend, who witnessed the accident, to notify the police of it, and that he should look to the city for damages, and the friend, in answer to inquiries made by a police officer, states the time, place and cause of the injury, but, though acting for the injured person in making the statement, does not say so, nor say anything about damages or why he makes the statement, this is not a sufficient notice to the city, under the St. of 1877, *c.* 234, §§ 3, 4.

A notice to a city that a person fell and broke his leg on a certain day at the corner of two streets named, and will claim damages of the city for the injury, is insufficient to satisfy the St. of 1877, *c.* 234, § 3, in not stating the cause of the injury.

A person injured by a defect in a highway gave a notice to the city within thirty days which was insufficient. After the thirty days he gave a notice in proper form in person, and offered evidence that he had not previously been able to leave his bed since the accident, and had to be carried at this time. *Held*, that there was no evidence that it was impossible for him to have given the notice within the thirty days, within the St. of 1877, *c.* 234, § 4.

TORT for personal injuries occasioned to the plaintiff, on January 26, 1879, by a defect in a highway in the defendant city. Answer, a general denial. Trial in the Superior Court, before *Pitman*, J., who reported the case for the determination of this court, in substance as follows :

The plaintiff fell on the ice, and broke his leg. On the evening of the accident, after the plaintiff's leg was set, he told one Tiehan and one Carrigan, who had seen him fall and helped him home, and neither of whom was related to him, that he wanted them to notify the police that he had broken his leg on a certain corner (naming it) on the ice, and should look to the city for damages. Tiehan told him that he would attend to it.

Tiehan testified that he went home after leaving the plaintiff and went to bed about ten o'clock; that in about an hour two policemen came to his house and aroused him, and said that they had come to make inquiries concerning the accident, as they had learned that he was present; that they asked him where the plaintiff fell ; that he thereupon told them when and the particular place where he fell, and that he fell upon ice; that all his statements were made in response to their inquiries; and that, in

making these statements, he was acting for the plaintiff, but did not say so, nor did he say anything about damages or why he notified them.

Carrigan testified that the same two policemen called at his house between nine and ten o'clock the same evening, and asked him if the plaintiff had broken his leg; and that he told them that he had; that he fell on the crossing and broke his leg.

Both Tiehan and Carrigan also testified that they told the plaintiff the next day what they had said to the policemen.

The judge ruled that these notices or statements of Tiehan and Carrigan were both of them insufficient to satisfy the statute.

The plaintiff also offered in evidence the following written notice sent to the clerk of the defendant city within thirty days of the accident: "Cambridge, Feb. 24, 1879. Daniel McNulty hereby notifies the city of Cambridge that he fell and broke his leg, Jan. 26, 1879, at the corner of Webster Avenue and Cam bridge Street in said Cambridge, and will claim damages for the above injury from the city of Cambridge. Daniel Mc-Nulty."

The judge ruled that this notice was defective and insufficient, in not defining the place and stating the cause of the accident.

The plaintiff further offered to prove that, on March 14, 1879, more than thirty days after the injury, he went before the committee on claims of the city, and stated to them the time, place and cause of his injury, and that he should claim damages therefor from the defendant; that he did not know how to write; that this was the first time he was able to leave his bed since the injury; and that he had to be carried to the place of hearing. His physician also testified that he could not have left his house for any purpose earlier than this date after the accident.

But, upon objection made by the defendant, the judge held that it could not be said that it was "impossible" within the meaning of the statute to give the required notice earlier, since the plaintiff had in fact assumed to give a notice on February 24; and excluded the evidence.

There being no further evidence in regard to notice, the judge directed the jury to return a verdict for the defendant.

If no competent and sufficient evidence for the consideration of the jury on the question of notice was introduced or offered, judgment was to be entered on the verdict; otherwise, it was to be set aside, and a new trial granted.

*T. Weston, Jr.,* for the plaintiff.

*J. W. Hammond,* for the defendant, was not called upon.

GRAY, C. J. This case is covered in every particular by previous decisions. There was no evidence that either of the statements made by Tiehan and Carrigan in conversation with the police officers purported or was understood to be a notice to the city under the statute. *Kenady* v. *Lawrence,* 128 Mass. 318. The written notice was insufficient, because it did not state the cause of the injury. *Noonan* v. *Lawrence, ante,* 161. The notice given more than thirty days after the injury was too late, there being no evidence that the plaintiff was incapable of giving the notice within the thirty days. *Mitchell* v. *Worcester,* 129 Mass. 525. *Judgment on the verdict.*