## MARY LYONS *vs.* CITY OF CAMBRIDGE.

Middlesex.   March 17. — April 4, 1882.   ENDICOTT & DEVENS, JJ., absent.

In an action against a city for personal injuries occasioned to a woman by a defect in a highway, the evidence showed that after the injury, which consisted of a broken limb, she was taken to her home, one of her daughters assisting her; that while there she told her husband about the accident and the place of it, and he went to see the place; that afterwards she was taken to a hospital, and, while there, was of clear mind, and was visited occasionally by different members of her family during the thirty days which followed the accident. *Held,* that there was no evidence that, from physical or mental incapacity, it was impossible for her to have given notice of the injury within thirty days, within the St. of 1877, *c.* 234, § 4.

MORTON, C. J.   This is an action of tort for personal injuries occasioned to the plaintiff by a defect in a highway in the

defendant city. It appeared at the trial that the plaintiff neglected to give within thirty days the notice required by the St. of 1877, *c.* 234, § 3, of the time, place and cause of her injury. This being so, the burden of proof was upon her to show that, from physical or mental incapacity, it was impossible for her to give the notice within thirty days, either by herself or by some person in her behalf. *Mitchell* v. *Worcester*, 129 Mass. 525. Upon the bill of exceptions, it is clear that the plaintiff did not meet this burden. Her evidence shows that after the injury she was taken to her home, one of her daughters assisting her; that, while there, she told her husband about the accident and the place of it; that he went to see the place; that afterwards she was taken to the hospital; that she was of clear mind; and that the different members of her family visited her occasionally at the hospital during the thirty days which followed the accident. Though suffering from a broken limb and unable to leave her bed, there was no mental or physical incapacity, within the St. of 1877, *c.* 234, § 4, which prevented her from giving the city notice of her injury within thirty days, as she did within three months, while in the same mental and physical condition. This case cannot be distinguished from *McNulty* v. *Cambridge*, 130 Mass. 275, and the Superior Court rightly directed a verdict for the defendant.                    *Exceptions overruled.*

*W. E. L. Dillaway*, for the plaintiff.

*J. W. Hammond*, for the defendant.