CHARLOTTE J. MAY *vs.* CITY OF BOSTON.

Essex.　November 14, 1889. — January 3, 1890.

Present: DEVENS, W. ALLEN, C. ALLEN, HOLMES, & KNOWLTON, JJ.

*Personal Injuries — Highway Defect — Notice — Burden of Proof.*

In an action against a city for personal injuries occasioned to a woman by an alleged defect in a highway, the plaintiff's evidence showed that she was confined to her bed after the injury, and for six weeks was occasionally delirious in the night; that she appeared worse when opiates were given her by the physician's directions; that her head, of which she complained frequently, had troubled her ever since; and that at times she had been dizzy and her mind visionary. *Held*, that there was no evidence to sustain the burden of proof upon her that because of physical or mental incapacity it was impossible for her to give notice of the injury within thirty days, or until within ten days of the time when it was given, within the Pub. Sts. c. 52, §§ 19, 21.

TORT for personal injuries occasioned to the plaintiff by an alleged defect in a sidewalk in the defendant city. Trial in the Superior Court, before *Lathrop*, J., who directed a verdict for the defendant, and allowed a bill of exceptions, which, so far as material to the points decided, appear in the opinion.

*C. Sewall*, for the plaintiff.

*T. M. Babson*, for the defendant.

W. ALLEN, J. As the plaintiff did not give the notice required by the statute until more than three months after she was injured, the burden was upon her to prove that from physical or mental incapacity it was impossible for her to give the notice until within ten days of the time when it was given. Pub. Sts. c. 52, §§ 19, 21. We think that the court correctly ruled that there was no evidence to sustain that burden. The fact that she was confined to her bed does not show physical inability to give a notice in writing, signed by herself or by some person in her behalf, and the inference from her own testimony that her head had troubled her ever since the injury, and that at times she had been dizzy and her mind visionary, and from other evidence that for the first six weeks she was at times delirious in the night, that she appeared worse after opiates were given her by the physician's directions, and that she complained of her head frequently, would not be sufficient to prove that in her ordinary condition she had not sufficient mental capacity to give the notice. It is not necessary to go further, and to hold that the whole evidence showed affirmatively that the plaintiff had capacity to give the notice, and failed to give it only because she was informed that it was unnecessary. It is enough that the evidence is wholly insufficient to prove that it was impossible to give the notice. *Mitchell* v. *Worcester*, 129 Mass. 525. *McNulty* v. *Cambridge*, 130 Mass. 275. *Lyons* v. *Cambridge*, 132 Mass. 534.

*Exceptions overruled.*