[No. 948. Decided February 23, 1894.]

NELLIE M. SCURRY, *Appellant*, v. THE CITY OF SEATTLE, *Respondent.*

CONSTITUTIONAL LAW — CLAIMS AGAINST CITIES — LIMITATION ON RIGHT OF ACTION.

The provision of art. 4, §33 of the freeholders' charter of Seattle, declaring that no action shall be maintained against the city for any claim for damages, unless such claim has been presented to the city council and filed with the city clerk within six months after the time when such claim for damages accrued, is not unconstitutional and void as being in contravention of the statute of limitations with reference to the commencement of actions.

*Appeal from Superior Court, King County.*

*Metcalfe, Little & Jurey,* for appellant.

*George Donworth,* and *James B. Howe,* for respondent.

The opinion of the court was delivered by

DUNBAR, C. J.—This is an action brought by appellant against the city of Seattle for damages alleged to have been sustained by reason of grading a certain street. The action was tried in the superior court, and judgment rendered for the city, from which judgment an appeal is taken to this court.

There are several questions involved in this case which are ably presented by counsel both for appellant and re-

spondent, but the view which we take of the third proposition discussed renders unnecessary an investigation of the others.    Sec. 33 of art. 4 of the freeholders' charter provides that all claims for damages against the city must be presented to the city council and filed with the clerk within six months after the time when such claim for damages accrued; and further provides that no action shall be maintained against the city for any claim for damages until the same has been presented to the city council and sixty days have elapsed after such presentation.    It is conceded in this case that the claim for damages was not presented in accordance with the requirements of said § 33; but the contention of the appellant is that § 33 of art. 4 of the freeholders' charter is unconstitutional and void for the reason that it is in contravention of the laws of the state concerning limitations of actions.

Sec. 10 of art. 11 of the constitution of the State of Washington provides that cities of a certain class, which includes the respondent city, shall be permitted to frame charters for their own government consistent with and subject to the constitution and laws of this state.    Is, then, the limitation imposed upon the presentation of the claim for damages against the city consistent with and subject to the constitution and laws of the state?    We think it is. It is true that, under the laws of the state, an action of this kind could be brought within three years, but it has never been held that even a statute which made provisions for the presentation of a claim within a certain time was in any way in contravention of the statute of limitations with reference to the commencement of actions.    If this requirement of the charter had been complied with, the appellant would have had the full statutory period in which to bring her action.    It cannot be disputed that the legislature would have had power to have made the provision that is made by § 33 of art. 4 of the charter, and that if

the provision had been so made by the legislature it would not have been in contravention of the statute of limitations. If this be true, the same power was granted by the constitution to the city, and the enactment by it would no more be in contravention of the law than would the same enactment by the legislature.

Sec. 559 of the General Statutes, which is in relation to cities of the second class, provides that all accounts and demands against such city, other than such as are chargeable or payable out of the school fund, must be presented to the city council, duly itemized, and accompanied by an affidavit of the party or his agent, stating the same to be a true and legitimate claim against the city for the full amount for which the same is presented, and that the same accrued as set forth, and with all necessary and proper vouchers, within one year from the date the same accrued; and any claim or demand not so presented within the time aforesaid shall be forever barred, etc.

It follows, then, from the powers given by the constitution to the city to legislate on all proper subjects of legislation for the government of the city, that if the statutory § 559, above referred to, can be sustained and held not to be in conflict with the general law of limitation, § 33 of art. 4 of the charter of the city of Seattle can be sustained for the same reason. The limitation of an action and a provision in a statute or a charter for the manner or time of presenting a claim are two entirely different propositions and are in no wise conflicting, provided the time allowed for presenting the claim is within the statute of limitations.

There is no question of retroactive force in this case. While it is true that the damages accrued before the adoption of the freeholders' charter, yet it is equally true that more than six months had elapsed from the adoption of the charter before the presentation of the claim. Under the

rulings of this court in *Packscher v. Fuller*, 6 Wash. 534 (33 Pac. 875), and *Moore v. Brownfield*, 7 Wash. 23 (34 Pac. 199), the limitation as to rights of action already accrued began to run from the date of the taking effect of the act.    The only limitation of the right of the city to make a provision concerning the time in which a claim for damages should be presented would be the limitation of a reasonable time.    We think that six months is a reasonable time; and believing that the provision of the charter in question is constitutional, the judgment will be affirmed.

ANDERS, SCOTT, HOYT and STILES, JJ., concur.