## MARY A. SAUNDERS vs. CITY OF BOSTON.

Suffolk.    January 14, 1897. — February 25, 1897.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & MORTON, JJ.

*Personal Injuries — Highway Defect — Notice of Injury.*

In an action against a city for personal injuries occasioned to a woman by an alleged defect in a highway caused by an accumulation of snow and ice, it appeared that her injury was a sprain of the ankle causing great pain ; that for two or three weeks she could not step on her foot; that she had two children, and her husband was a poor man dependent on his daily earnings for the support of his family : that she was able to tell her husband the cause and place of the accident on the night when it happened, and he then went to look at the place ; that she told the doctor about it when he first came to visit her ; and that she sent to a lawyer a week or ten days after the accident. *Held,* that there was nothing to show that she could not have caused a notice to be given before the expiration of the ten days, as required by Pub. Sts. c. 52, § 19, as amended by St. 1894, c. 422.

TORT, for personal injuries occasioned to the plaintiff on January 18, 1895, by an alleged defect in a highway in the defendant city, caused by an accumulation of snow and ice. Trial in the Superior Court, before *Mason*, C. J., who directed a verdict for the defendant ; and the plaintiff alleged exceptions, the nature of which appears in the opinion.

*N. F. Hesseltine*, for the plaintiff.

*S. H. Hudson*, for the defendant.

KNOWLTON, J.   The plaintiff cannot recover without showing that a notice of the time, place, and cause of the accident was given to the city, in accordance with the requirements of the Pub. Sts. c. 52, § 19, as amended by St. 1894, c. 422. She did not give a notice within ten days, as required by the statute ; and the only question in the case is whether there was evidence that, from physical or mental incapacity, it was impossible for her to give one within that time. If the jury could properly find that it was impossible, her later notice might have been found sufficient under the Pub. Sts. c. 52, § 21; otherwise she must fail in her action. It has repeatedly been held that a plaintiff cannot take advantage of this last provision of the statute if his physical and mental capacity would enable him to

procure another person to give the notice in his behalf, even though he could not give it personally. *May* v. *Boston*, 150 Mass. 517. *Mitchell* v. *Worcester*, 129 Mass. 525. *McNulty* v. *Cambridge*, 130 Mass. 275. *Lyons* v. *Cambridge*, 132 Mass. 534.

The plaintiff's injury was a sprain of her ankle, which caused her great pain, and for two or three weeks made it impossible for her to step on her foot. She had two children, and her husband was a poor man, who depended on his daily earnings to support his family. But she was able to tell her husband the cause and place of the accident when he came home on the night when it happened, and he went that evening to look at the place. She also told the doctor about it when he first came to visit her. The evidence tends to show that she sent to a lawyer a week or ten days after the accident, and there is nothing to show that she could not have caused a notice to be given before the expiration of the ten days as well as afterwards. She fails to sustain the burden of proof that rests upon her.

*Exceptions overruled.*