JENNIE BARCLAY, administratrix, *vs.* CITY OF BOSTON.

Suffolk.    November 14, 1898. — May 18, 1899.

Present: FIELD, C. J., HOLMES, KNOWLTON, MORTON, LATHROP, BARKER, & HAMMOND, JJ.

*Personal Injuries — Highway Defect — Statute — Notice — Question for the Jury.*

Where, in an action for personal injuries occasioned to the plaintiff's intestate by an alleged defect in a highway in the defendant city, the evidence tends to show that the intestate died upon the twelfth day after his injury, and without himself giving the statute notice, and that before the expiration of ten days from the

time of the accident he became delirious, and remained so and unable to transact business until his death, under Pub. Sts. c. 52, § 21, his administrator may give the notice, and the question of fact, if disputed, is for the jury.

TORT, for personal injuries occasioned to the plaintiff's intestate, by an alleged defect in a highway in the defendant city, caused by an accumulation of ice and snow. At the trial in the Superior Court, before *Maynard*, J., the case was submitted to the jury upon the issues whether it was impossible, from mental or physical incapacity, for the intestate to give notice within ten days prescribed by statute, and upon the questions of due care of the intestate, and the defect in the sidewalk on which the accident occurred. Upon the first two questions the jury found for the plaintiff, and reported a disagreement upon the latter question. Thereupon the judge ordered a verdict for the defendant ; and the plaintiff alleged exceptions. The facts appear in the opinion.

The case was argued at the bar in November, 1898, and afterwards was submitted on briefs to all the justices except *Field*, C. J.

*N. F. Hesseltine*, for the plaintiff.

*S. H. Hudson*, for the defendant.

BARKER, J. At the second trial of this case, after the decision reported *Barclay* v. *Boston*, 167 Mass. 596, the evidence tended to show that the plaintiff's intestate died upon the twelfth day after her injury, and without herself giving the statute notice ; and that before the expiration of ten days from the time of the accident she became delirious and remained delirious and unable to transact business until her death. If such were the facts, under the provisions of Pub. Sts. c. 52, § 21, her administratrix might give the notice, and the presiding justice was therefore wrong in ordering a verdict for the defendant, as matter of law. The question of fact, if disputed, was for the jury.

*Exceptions sustained.*