JEREMIAH D. COGAN *vs.* LAMONT G. BURNHAM.

Suffolk.　November 17, 1899. — March 2, 1900.

Present: HOLMES, C. J., MORTON, BARKER, HAMMOND, & LORING, JJ.

*Personal Injuries — Incapacity to give Notice of Injury — Employers' Liability*
*Act — Negligence — Action.*

In an action under the employers' liability act, St. 1887, c. 270, for personal injuries, the jury are rightly instructed that the plaintiff was not excused from giving the notice required by § 3 of that statute, as amended by St. 1888, c. 155, § 1, unless he was both mentally and physically disabled.

An action cannot be maintained at common law for personal injuries sustained by the plaintiff while engaged, with others employed by the defendant, in taking down a coal run composed of a series of trestles about twenty feet high, having uprights and top and cross pieces of heavy timbers, the base resting upon the ground, and fastened together at the top by stringers on which two thicknesses of heavy planking were laid crosswise and spiked down, if the accident, which happened when the first trestle was being lowered to the ground, was caused primarily by the fellow workmen of the plaintiff negligently taking down the trestle as a whole, instead of separating it and taking it down in sections.

If in lowering so large a structure a heavy piece of timber should have been planted in the ground to hold the end of the rope by which the structure was lowered, the burden is on the plaintiff to prove that no such piece of timber was on the premises. Since the necessity for such a piece of timber arises from a temporary condition during the progress of the work caused by the negligence of fellow workmen in the way in which they lowered the structure, the defendant does not owe the plaintiff any duty to provide for it.

TORT, for personal injuries occasioned to the plaintiff while engaged with others in the defendant's employ in taking down a coal run. The declaration contained two counts under the employers' liability act, St. 1887, c. 270, and three counts at common law.

At the trial in the Superior Court, before *Sherman,* J., the question whether the plaintiff, who did not give notice of the injury within the time required by the statute, was incapacitated from giving the notice until he did, was submitted to the jury under instructions which were excepted to by the plaintiff; and the jury answered it in the negative. Thereupon the judge directed the jury to return a verdict for the defendant on the common law counts; and, at the plaintiff's request, reported the case for the determination of this court. If there was error, a

new trial was to be granted; otherwise, judgment was to be entered on the verdict. The facts appear in the opinion.

*J. E. Hanly*, for the plaintiff, submitted the case on a brief.

*J. Lowell & S. H. Smith*, for the defendant.

LORING, J. The exceptions must be overruled.

1. The jury were rightly instructed as to what would excuse the plaintiff from giving the notice required by St. 1887, c. 270, § 3, as amended by St. 1888, c. 155, § 1, to charge the defendant on the counts drawn under the employers' liability act. There is nothing in his contention that the ruling was wrong because the statute excuses the employee from giving notice either in case of his mental, or in case of physical disability, while the judge ruled that the plaintiff was not excused unless he was both mentally and physically disabled. If a person is physically incapacitated from giving the notice personally, but is able to give the notice through others and mentally capable of so doing, it is not a case where, within the language of St. 1888, c. 155, § 1, from physical or mental incapacity, " it is impossible for the person injured to give the notice within the time provided in said section." *Lyons* v. *Cambridge*, 132 Mass. 534. *May* v. *Boston*, 150 Mass. 517. *Saunders* v. *Boston*, 167 Mass. 595.

2. The ruling of the judge was right that there was no evidence on which the plaintiff could recover on the common law counts.

The plaintiff was engaged, with others employed by the defendant, in taking down a coal run on the defendant's premises. The coal run was made up of a series of trestles some twenty feet in height; the upright timbers of these trestles and the top and bottom cross pieces were made of timbers 10 × 10 inches in size ; the base of the trestles rested upon the ground, and they were fastened together at the top by eight stringers of " smaller dimensions"; on these stringers were two thicknesses of heavy planking laid crosswise and spiked down. The plaintiff was injured while the first trestle was being lowered to the ground in the following way: before the lowering began, all the planking on the coal run was removed; four of the eight stringers were then removed; whether four of the eight stringers had been removed from the run throughout its entire length, or four of the

eight stringers between the first and second trestles only, was left in doubt; one witness testified to the former and another testified to the latter. After this had been done, one of the employees, Moffet by name, fastened a rope around the top cross piece of the first trestle, and, after passing it once around the top cross piece of the second trestle, threw the end to the plaintiff, who was on the ground; Moffet then "removed the remaining stringers between the first and second trestles, then descended to the ground, knocked out the support and pushed trestles, and taking the rope from the hands of the plaintiff proceeded to pay out the rope, increasing the distance between the top of the first trestle and the second trestle, thereby lowering the first trestle on an incline, or canting it down." When the top of the first trestle had reached to within three or four feet of the ground, the strain on the second trestle and the trestles and stringers back of it was so great that " the support gave way, and the second trestle and other trestles and timbers connected therewith fell," causing the injury in question. The " undisputed testimony showed that the plaintiff was standing under the second trestle, and when Moffet took the rope, he, the plaintiff, started to walk away, when the trestle above him gave way and the timbers fell upon him."

It is plain that the injury was caused by the negligence of fellow workmen, and that there was no evidence on which the jury could find that the defendant was negligent.

The accident was primarily caused by the fellow workmen of the plaintiff taking down the trestle as a whole, instead of separating it and taking it down in sections; and this disposes of the plaintiff's contention that on the evidence the jury were warranted in finding that in lowering so large a structure it is negligent not to plant a large piece of timber in the ground to hold the end of the rope by which the structure is being lowered. The necessity for such a piece of timber to be used in the way indicated arose from a temporary condition during the progress of the work, caused by the negligence of fellow workmen in the way they adopted of doing the defendant's work, and was not necessarily an incident of that work; for the lack of appliances arising from such a temporary condition in the progress of the work the defendant is not liable. *Whittaker* v.

*Bent,* 167· Mass. 588.   In addition, the plaintiff did not make out his case without showing that there was no such piece of timber about.   *Robinson* v. *Blake Manuf. Co.* 143 Mass. 528.

*Judgment on the verdict.*