[No. 4173.    Decided March 19, 1902.]

PHILIP BORN, *Respondent,* v. CITY OF SPOKANE, *Appellant.*

MUNICIPAL CORPORATIONS — PRESENTMENT OF CLAIM FOR INJURIES — CHARTER REGULATIONS AS TO TIME — REASONABLENESS.

A provision of a city charter requiring claims for damages against the city to be presented within thirty days as a condition precedent to suit demands only a reasonable compliance with its terms; and a question of fact for the jury may properly be raised in that respect, as to whether or not plaintiff was physically or mentally incapacitated from literally complying therewith.

SAME — STATEMENT OF CLAIM — SUBSEQUENT DEVELOPMENT OF INJURIES.

A provision of a city charter requiring a claimant against the city to state the cause, nature and extent of his injuries, and the amount of damages sustained thereby within thirty days after receiving them is a reasonable regulation, although the full extent of the injuries may not be ascertainable within that period; since a reasonable compliance with such regulation by stating as near as possible the amount of damages is all that is required, in view of the fact that the claimant may at the time of trial show damages developing subsequent to the date of notice to the city.

27   719
e33   670
f33   671

27   719
37   228

27   719
40   223
40   543

27   719
f41   435

27   719
p42   184
42   186

SAME — DEFECTIVE STREETS — ACTUAL NOTICE TO CITY AS CONDITION
PRECEDENT TO SUIT — REASONABLENESS.

A charter provision to the effect that the city shall not be lia-
ble for damages for injuries sustained in consequence of any
street or sidewalk being out of repair, unsafe, or dangerous,
unless actual notice of such defect shall have been given to the
street superintendent or the city council twenty-four hours before
such injury is sustained, is an unreasonable regulation amount-
ing to a denial of justice and therefore void.

SAME — NEGLIGENCE — CONSTRUCTIVE NOTICE OF DEFECTIVE STREETS.

A city is chargeable with notice of a dangerous opening and
its condition, in the sidewalk or street, although actual notice
may not have been brought home to it, if it appears that the
street or sidewalk has continued in such condition for such a
length of time that the city, by the exercise of ordinary care,
might have learned thereof.

Appeal from Superior Court, Spokane County.—Hon.
GEORGE A. JOINER, Judge. Affirmed.

*John P. Judson* and *A. H. Kenyon* (*John C. Kleber,* of
counsel), for appellant.

*Barnes & Latimer, S. C. Hyde* and *Shine & Winfree,*
for respondent.

The opinion of the court was rendered by

DUNBAR, J.—Respondent brought suit against the de-
fendant city to recover damages for personal injuries
alleged to have been sustained by him upon the public
streets of the city of Spokane, by falling into a trench that
had not been filled in or protected, and which was main-
tained through the alleged negligence of the city. The case
was tried by a jury, and a verdict was returned against
the city for $1,750. After due course, judgment was en-
tered for the above sum; and this appeal is from said judg-
ment and the rulings of the court on the pleadings and
during the progress of the trial. A demurrer was inter-

posed to the complaint on the ground that it did not state facts sufficient to constitute a cause of action. The over-ruling of the demurrer is one of the errors alleged.

The question involved arises under the provisions of the charter of the city of Spokane. Section 220 provides:

"All claims for damages for personal injuries, or for injuries to property, alleged to have been sustained by reason of the negligence of the city, or of any officer, agent, servant or employee thereof, must be presented to the city council within one month after any of such injuries shall have been received in the manner hereinafter in this section provided. . . . All claims for injury to person or property, and all notices of such claims herein required, shall be in writing and shall state the time when and the place where such injuries were received, and must also state the cause, nature and extent of the same, the amount of damages sustained thereby, and the amount for which the claimant will settle the same, and must be verified by his or her affidavit, in proper form, to be true; and the refusal or omission to present such claim and give notice where notice is required, in the manner and within the time in this section required, shall be taken to be and shall be a waiver of any and all damages on account of such injuries, and shall be a bar to any suit or action against the city to recover the same, or any part thereof."

It is conceded that the claim was not made or the notice given within the time prescribed by the charter. This question was raised on the demurrer, upon an objection to the testimony under the complaint, and on an objection to an instruction given by the court in relation thereto. The excuse offered by the plaintiff in his complaint for not filing the claim within the time prescribed by the charter is as follows:

"That plaintiff did not present his claim to said city council within one month, as provided for in the amend-ment to the charter of the city of Spokane, for the reason

that the injuries received in said accident so crippled and disabled him that he was confined to his bed ten weeks from the date of said accident, and was by reason thereof unable to attend to the filing of his claim; that, owing to the nature of his injuries, it was impossible and unreasonable for plaintiff to state within one month the nature and extent of the injuries by him received, as it is required to be stated by said amendment of the city charter, and plaintiff only knew on the date of filing his claim that he would be lame for life as a result of his injuries."

The validity of a charter provision of this kind was sustained by this court in *Scurry v. Seattle,* 8 Wash. 278 (36 Pac. 145). Provisions of this kind seem to be reasonable and in the furtherance of justice. The object of the law, doubtless, is to protect the municipality from fraudulent claims, by enabling its officers not only to examine the *locus in quo,* to see if the city had been negligent, but to obtain witnesses and procure testimony, by drawings and photographs, to be used if deemed necessary in resisting the claim, and generally to investigate the demand while it is fresh and while evidence is obtainable, and for the purpose of compromising or paying said claim if it is deemed a just and legal one; and such provisions are universally sustained if they are reasonable in time and demand. But while the law must be a reasonable one, a reasonable compliance with its terms is all that can be demanded; and, if it appears that it was an impossibility for the claimant to make his claim within the time prescribed, he will not be held to a literal compliance with the provisions of the law. Under the ordinary statutes of limitations, it is universally held that the statute does not run against one who is incapacitated from bringing the action; and it would work a miscarriage of justice to hold that one who is injured should be barred from collecting meritorious damages by reason of the fact that

he was incapacitated from filing his claim until after the time prescribed had expired. The allegations of the complaint in this respect are not as definite as they might be, and were properly subject to a motion to make more definite and certain; but this motion was not made, and the allegations being taken as true and in the light most favorable to plaintiff, as required upon demurrer, it seems to us a question is presented for the consideration of the jury.

It is earnestly contended by the respondent—and the great weight of authority is to the effect—that the question of whether or not the claimant was incapacitated from presenting his claim within the time required by the law is a question for the jury, and, being a pure question of fact, it must necessarily be so under our constitution and laws. It is, however, contended by the appellant that the incapacity must be a mental incapacity, and not a physical one; that a plaintiff is not compelled to present his claim in person, and that it is not usual for him to do so; that he may be physically incapacitated, and yet be able to file his claim through a friend or attorney. This is no doubt, true in a measure; and yet it cannot be questioned that if, by reason of the injury, the mind of the injured person is so affected that it cannot act intelligently, it would be a good excuse for not presenting the claim within the time, and it might be that there would be such physical agony and pain as would equally prevent the doing of any business whatever by the plaintiff. We think the general rule is that it must be shown that there is such physical or mental incapacity as to make it impossible for the injured person to procure the notice to be served, and, if there is an actual incapacity, it makes very little difference in reason whether the incapacity is mental or physical. Up-

on this question there was sufficient testimony presented to the jury upon which to base a verdict.

It is said in *Barclay v. Boston,* 167 Mass. 597 (46 N. E. 113), that it is well settled that, "to come within the provisions of the statute last referred to [which was a provision of the character now under discussion] it is not enough to show that the person injured was unable to give the notice in person, but it must be shown that there was such physical or mental incapacity as to make it impossible for him by any ordinary means at his command to procure the notice to be given;" citing *May v. Boston,* 150 Mass. 517 (23 N. E. 220); *Lyons v. Cambridge,* 132 Mass. 534; *Saunders v. Boston,* 167 Mass. 595 (46 N. E. 98). In the last mentioned case the court said:

"In the present case the plaintiff did not introduce the best evidence upon the question whether her intestate was so incapacitated during the whole period of the ten days, and from all the testimony the court and jury must have been left in doubt in regard to it. But the question is not whether the best evidence was introduced, nor whether there was proof beyond a reasonable doubt, but whether there was any evidence from which it might fairly be inferred that she was incapacitated."

This case was again before the supreme court of Massachusetts, reported in 173 Mass. 310 (53 N. E. 822), and it was said:

"At the second trial of this cause, after the decision reported in *Barclay v. Boston,* 167 Mass. 596, the evidence tended to show that the plaintiff's intestate died upon the twelfth day after her injury, and without herself giving the statutory notice; and that before the expiration of ten days from the time of the accident she became delirious, and remained delirious and unable to transact business until her death. If such were the facts, under the provisions of Pub. Sts. c. 52, § 21, her administratrix might give the notice, and the presiding justice was

therefore wrong in ordering a verdict for the defendant, as a matter of law. The question of fact, if disputed, was for the jury."

As we have before indicated, it is the almost universal holding that the fact is a question for the jury, but that either mental or physical incapacity is a sufficient excuse for not filing the claim within the statutory time. The demurrer to the complaint, then, was properly overruled. The testimony on this proposition was conflicting, and, under the testimony, the jury, we think, were warranted in concluding that the plaintiff was incapacitated from presenting the claim for more than thirty days after the injury. The instruction which the court gave on this subject, and which is alleged as error, is as follows:

"You are further instructed that this action cannot fail because notice was not given to the city by the plaintiff within thirty days after the injury complained of was received, as required by the charter, if you find from a preponderance of the evidence in the case that the plaintiff, by reason of the injuries which he received, if he received any injuries, was rendered incapable of serving such notice within that time, but served the same as soon as he was able and could ascertain the extent of his injuries."

It follows from what we have said in relation to the complaint that the instruction was properly given.

It is contended by the respondent that the provision of the charter requiring the claimant to state the cause, nature, and extent of his injuries, and the amount of damages sustained thereby, is an unreasonable provision, for the reason that it frequently occurs that the damages are not ascertainable within the thirty days, as in this case, where the testimony is to the effect that the plaintiff did not know that he was permanently injured until the day he presented his claim. But we think a reasonable

compliance with this provision is all that would be required, and that it is the duty of a claimant, under this charter provision, to state as near as he can the amount of his damages; and, no doubt, if it should afterwards eventuate that he had been mistaken in that regard, he would be allowed by the court to make such showing. We think that, thus liberally treated, the statute, as to time, is not an unreasonable one; but that, under the provisions of the complaint, considered with reference to the demurrer, a sufficient excuse was pleaded, and that the instructions of the court were warranted.

It also appears that there is a charter provision to the effect "that the city shall not be liable for any damages for injuries sustained   .   .   .   in consequence of any street   .   .   .   or sidewalk being out of repair, unsafe, dangerous or obstructed   .   .   .   unless actual notice of such defect or want of repair shall have been given to the superintendent of streets or the city council twenty-four hours before such injury is sustained." It is contended that, inasmuch as such notice was not given, the plaintiff cannot recover. It seems to us that this provision of the charter, upon its face, is unreasonable, and that to hold it good would be to couple a remedy with a frequently impossible condition. The person injured naturally could not give notice to the city before the injury, for in such an event he would be held to have had notice of the dangerous condition and would be debarred from recovery. And if notice had been given by any one else, he would have no knowledge of such notice and would be unable either to plead or prove it. As was said by this court in *Durham v. Spokane, ante,* p. ——, in discussing the reasonableness of a charter provision somewhat of this character:

"Manifestly, unless it is to be held that the city can by this form of enactment prevent a recovery against itself for personal injuries, it cannot by requiring claims for injuries to be presented within a given time prevent a recovery for troubles arising from such injuries which do not develop within the given time. But it is not the rule that a city may say whether or not it shall be held for personal injuries caused by its neglect of duty. Charter provisions of the character in question, whether enacted by the legislature, or, as in the present case, by the city itself, are to be upheld only so far as they are reasonable and tend to the due administration of justice. When such provisions so far depart from reasonableness as to amount to a denial of justice they are void."

The right to prosecute a claim for personal injuries is a common law right, which has been sustained by this court in a long line of causes, extending from *Sutton v. Snohomish,* 11 Wash. 24 (39 Pac. 273, 48 Am. St. Rep. 847), down to the present time. Such cases have also held the city chargeable with notice, and if it is true that it is not the rule that the city may say whether or not it shall be held for personal injuries caused by its neglect of duty, as was said in the case just above cited, this provision must be held to be unreasonable and void. Hence the instruction complained of, that a city is chargeable with notice of a dangerous opening and trench or ditch, and its condition, in the sidewalk or street, although actual notice may not have been brought home to it, if the evidence shows that such a state has continued for sufficient length of time, so that the city by exercising ordinary care, might have learned of its condition, and not to know such fact would be negligence on the part of the city, was properly given.

There was no error committed by the court in giving or refusing to give instructions, or in the admission of testi-

mony. The case was properly submitted to the jury, which,. upon the testimony offered, decided in favor of plaintiff's claim, and the judgment will be affirmed.

REAVIS, C. J., and WHITE, FULLERTON, HADLEY, ANDERS and MOUNT, JJ., concur.