[No. 5653. Decided September 20, 1905.]

OTTO EHRHARDT, *Respondent,* v. THE CITY OF SEATTLE, *Appellant.*[1]

MUNICIPAL CORPORATIONS — ACTIONS — PRESENTATION OF CLAIM WITHIN THIRTY DAYS—EXCUSE FOR DELAY—INCAPACITY. A person is not excused from presenting to the city his claim for personal injuries within thirty days as required by the charter, where it appears that his injury was a compound fracture of the humerus, that he was capable of going about within sixteen days after the accident, and was mentally capable of attending to some business, and his mind was not so affected but that he could have employed a lawyer to present his claim.

SAME—ATTEMPT TO PRESENT AFTER OFFICE HOURS. An attempt to present a claim on the last day allowed, which failed because the offices of the city were closed between the hours of 5 and 6 p. m., is no excuse for failing to present it in time, when the charter provides that the offices shall be open until 5 p. m.

Appeal from a judgment of the superior court for King county, Griffin, J., entered November 28, 1904, upon findings in favor of the plaintiff, after a trial on the merits before the court without a jury, in an action for personal injuries. Reversed.

*William Parmerlee (Scott Calhoun,* of counsel), for appellant.

*William Martin,* for respondent.

[1]Reported in 82 Pac. 296.

DUNBAR, J.—On the 10th of September, 1902, respondent was injured by being thrown from his wagon while driving along a public street, in the city of Seattle. On the 11th day of October following, he filed with the clerk, and presented to the city council, his verified claim for damages. Thereupon he commenced his action against the city to collect his damages for which his claim was filed. The trial was by the court, and resulted in a judgment for the respondent. From this judgment this appeal is taken.

The principal error alleged, and the only one it is necessary for us to discuss by reason of the conclusion reached on such alleged error, is that more than thirty days elapsed after the injury before the claim was presented to the city of Seattle. One of the findings of the court was that, for more than thirty days after he was injured, the plaintiff suffered great pain and was disabled from attending to or transacting any business, and was confined to his bed the greater portion of said time, and that, within a reasonable time after his said injury, he presented his claim to the city of Seattle, and attempted to present it on the 10th day of October, 1902, but was prevented by reason of the offices of said city being closed at between the hours of 5 and 6 o'clock, p. m., and the said city and its officers had full knowledge prior thereto of the said injuries sustained by the plaintiff.

We are forced to conclude, from a reading of the record, that this finding was not entirely justified; that, while the plaintiff suffered great pain a portion of the time during the thirty days immediately succeeding the accident, and may have suffered some pain all the time, he was not disabled from attending to or transacting any business. The record shows, that he did attend to other business; that he gave instructions in relation to the care of his team; that sixteen days after he was injured, and frequently thereafter, he called upon the doctors, whose offices were seven or eight blocks from where he lived; that he would take a car to

Second and James street, then walk to the office building, take
the elevator and go to his doctor's office without any trouble
and that he looked after matters generally in a way that
shows that he was not incapacitated from giving the notice
required by the charter—the charter provision being that
the notice of injury in such cases should be within thirty
days from the day of the accident. The damage which he
sustained was a compound fracture of the humerus of the
left arm; and while no doubt it was painful, it cannot be
gathered from the plaintiff's own testimony, which is the
strongest testimony on the subject, that his mind was so
affected that he could not have employed an attorney to
present his claim, as he did on the day on which it was
presented. A person might be incapacitated from being
physically present at the presentataion of a claim of this
kind, but that could not justify him in not presenting the
claim seasonably, if he were mentally capable of having
the claim presented for him. We said, in *Born v. Spokane,*
27 Wash. 719, 68 Pac. 386, where this question was raised
and discussed:

"We think the general rule is that it must be shown that
there is such physical or mental incapacity as to make it
impossible for the injured person to procure the notice to
be served, and, if there is an actual incapacity, it makes
very little difference in reason whether the incapacity is
mental or physical."

We cannot gather from the record that there was an actual
incapacity on the part of the plaintiff. On the contrary, it
appears that the failure to present the claim within the
time prescribed by the charter was simply neglect.

The latter part of the finding of the court above referred
to, viz., that he attempted to present it on the 10th day of
October, 1902, but was prevented by reason of the offices
of said city being closed at between the hours of 5 and 6
o'clock, p. m., is not a material finding which can aid the
respondent in this case, for the record shows that the office

hours prescribed by the charter were from 9 o'clock, a. m., to .5 o'clock, p. m., and the presentation of the claim after office hours would not be notice to the city. The respondent, not having presented a claim within the time prescribed by the charter, was legally barred from prosecuting the claim.

The judgment will therefore be reversed, and the cause dismissed.

MOUNT, C. J., CROW, HADLEY, FULLERTON, and ROOT, JJ., concur.