[No. 5884. Decided January 15, 1906.]

P. H. POSTEL, JUNIOR, *Appellant,* v. THE CITY OF SEATTLE, *Respondent.*[1]

MUNICIPAL CORPORATIONS—ACTIONS—PRESENTING CLAIM—DAMAGES FROM GRADING STREET—NECESSITY—CHARTER—CONSTRUCTION. Art. 4, Sec. 29, of the charter of Seattle requiring all claims for damages to be filed with the city clerk within thirty days, applies to claims for damages to lots by reason of a change of grade, although the section provides that all such claims must "locate and describe the defect that caused the injury" (RUDKIN, J., dissenting).

SAME—TIME FOR FILING—REASONABLENESS. Art. 4, Sec. 29, of the charter of Seattle requiring all claims for damages to be filed with the city clerk within thirty days, is not void as fixing an unreasonable time within which to file claims (RUDKIN, J., dissenting).

Appeal from a judgment of the superior court for King county, Joiner, J., entered July 1, 1905, upon sustaining a demurrer to the complaint, dismissing an action for damage to lots by reason of a change of grade. Affirmed.

[1]Reported in 83 Pac. 1025.

*McBride, Stratton & Dalton,* for appellant.

*Scott Calhoun* and *O. B. Thorgrimson,* for respondent.

FULLERTON, J.—The appellant is the owner of certain lots in the city of Seattle fronting on Republican street and First avenue North. On February 4, 1903, the city of Seattle passed an ordinance providing for the grading of the streets above named, and pursuant thereto the city caused the same to be graded, completing the work on October 3, 1904. The grade as planned called for deep cuts in front of the appellant's property, and when completed his lots were left from fifteen to thirty feet above the surface of the streets, cutting off access to them except from the rear through a narrow alley over a steep grade. On March 16, 1905, the appellant presented to the city council of the city of Seattle, and filed with the city clerk, a claim for damages caused by the grade, which claim the city rejected. This action was thereupon brought to recover for the injury caused the lots by the grade. To a complaint embodying the foregoing facts, the city demurred on the ground that it did not state facts sufficient to constitute a cause of action. The court sustained the demurrer, whereupon the appellant elected to stand on his complaint. Judgment of dismissal was thereupon entered, and this appeal was taken therefrom.

Section 29 of art. 4 of the charter of the city of Seattle reads as follows:

"SECTION 29. All claims for damages against the city must be presented to the city council and filed with the clerk within thirty days after the time when such claims for damages accrued, and no ordinance shall be passed allowing any such claim or any part thereof, or appropriating money or other property to pay or satisfy the same or any part thereof, until such claim has first been referred to the proper department, nor until such department has made its report to the city council thereon, pursuant to such reference. All such claims for damages much accurately locate and describe the

defect that caused the injury, accurately describe the injury, give the residence for one year last past of the claimant, contain the items of damages claimed, and be sworn to by the claimant. No action shall be maintained against the city for any claim for damages until same has been presented to the city council and sixty days have elapsed after such presentation."

The trial court held that this section of the city's charter requires claims for damages of all kinds against the city to be presented to the city council and filed with the city clerk within thirty days after the time when such claim accrues, before an action can be commenced thereon; and since the appellant did not file his claim until some five months after its accrual, it was barred by this provision of the charter. Against this ruling, the appellant makes two contentions: first, that this provision does not apply to this character of claim; and second, if it does so apply, it is void because a reasonable time within which to present such claims is not allowed by it.

With regard to the first question, we think there can be but little doubt that the charter provision requires claims of this character to be presented to the city council and filed with the clerk. The language used is "all claims for damages," and this admits of no exception. True, other portions of the section would seem to be more appropriate to claims of another character than this, but this cannot be held to do away with the general requirement. In presenting claims, the details provided by the charter provision need only be followed in so far as they are applicable to the particular claim, but the general provision requiring claims for damages to be presented is applicable to all claims, and can be followed in every instance. A similar question was before this court in *Scurry v. Seattle*, 8 Wash. 278, 36 Pac. 145. The charter of the city of Seattle at that time required all claims for damages to be presented to the city council within six months after the time when such claim accrued, and we

held that a claim for damages sustained by the grading of a street must be presented within the time required as a condition precedent to the maintenance of an action thereon.

Nor do we think the second objection is well taken. In *Born v. Spokane,* 27 Wash. 719, 68 Pac. 386, and *Ehrhardt v. Seattle,* 40 Wash. 221, 82 Pac. 296, we held that thirty days was a reasonable time within which to present a claim for personal injuries, and it would be difficult to make a distinction in this regard between claims of that character and claims of the character of the one at bar. We are therefore constrained to hold the requirement reasonable in this respect.

The judgment is affirmed.

MOUNT, C. J., ROOT, CROW, DUNBAR, and HADLEY, JJ., concur.

RUDKIN, J. (dissenting)—I dissent. A literal construction of the first part of the charter provision quoted in the majority opinion would require that all claims against the city should be presented within 30 days after the cause of action accrued. A claim arising out of contract as well as out of tort is "for damages." I think the latter part of the provision shows that the entire provision was only intended to apply to claims for damages arising from defects in the streets or other places which the city is obligated to keep in repair. Any other construction in my opinion renders the charter provision unreasonable and unconstitutional.