KATE S. TOWNSEND *vs.* CITY OF BOSTON.

Suffolk.   March 5, 1919. — March 8, 1919.

Present: RUGG, C. J., DE COURCY, CROSBY, PIERCE, & CARROLL, JJ.

*Way,* Public: defect. *Snow and Ice.   Notice.*

In an action against a city under R. L. c. 51, §§ 20, 21, for personal injuries sus-
tained by the plaintiff upon a public way of the defendant which was defective
in part by reason of ice, it appeared that notice of the time, place and cause of
the injury first was given nineteen days after the accident, and the plaintiff con-
tended that "by reason of physical or mental incapacity" it was impossible for
the plaintiff to give the notice within the time required.   It appeared that after
the plaintiff's accident she was treated at a hospital for five weeks and could
not sit up, that she was suffering a good deal from shock and that for two weeks
she was kept under opiates a great deal in order to relieve pain, that she lived
with her brother and sister, whom she told of the accident immediately after
its occurrence, mentioning the time and place, and that her sister and "plenty
of people" came to see her at the hospital. *Held,* that there was no evidence
warranting a finding that it was impossible for her by reason of physical or
mental incapacity to give notice of the accident within the ten days required
by the statute and that a verdict properly was ordered for the defendant.

TORT against the city of Boston under R. L. c. 51, §§ 20, 21, for
personal injuries sustained on March 7, 1914, when the plaintiff
was walking on the sidewalk on Boylston Street, a public high-
way in Boston, by reason of an alleged defect in the condition of
the sidewalk consisting in part of ice thereon.   Writ dated March
6, 1916.

In the Superior Court the case was tried before *Quinn,* J.   It
appeared that the accident happened at about eight o'clock on the
morning of March 7, 1914, and that on March 26, 1914, a notice in
writing of the time, place and cause of the injury was served upon
the defendant.   At the close of the plaintiff's evidence, which is
described in the opinion, upon motion of the defendant the judge
ordered a verdict for the defendant on the ground that the notice
to the defendant of the time, place and cause of the injury had not
been given seasonably.   The plaintiff alleged exceptions.

R. L. c. 51, § 21, contains the following provisions: "Such

notice shall be in writing, signed by the person injured or by some one in his behalf. . . . If by reason of physical or mental incapacity it is impossible for the person injured to give the notice within the time required, he may give it within ten days after such incapacity has been removed . . ."

*A. P. Worthen,* (*J. O. Burdett* with him,) for the plaintiff.

*W. P. Higgins,* for the defendant.

BY THE COURT. This is an action of tort to recover compensation for personal injuries alleged to have been received by a traveller upon a public way defective in part by reason of ice. It was a condition precedent to the plaintiff's right of recovery that within ten days after being injured a notice stating the time, place and cause of the injury should be given to the city unless "by reason of physical or mental incapacity it is impossible" to do so. R. L. c. 51, §§ 20, 21.

The evidence was that after her accident the plaintiff was treated at a hospital for five weeks, and could not sit up; that she was suffering a good deal from shock and was kept under opiates a great deal for two weeks in order to relieve pain; that she did not sleep well and was pretty uncomfortable; that she lived with her brother and sister, whom she immediately after the occurrence told about the accident, including its time and place; that her sister and "plenty of people" came to see her at the hospital.

These facts do not sustain the burden which rested upon the plaintiff of proving an adequate excuse for failure to give the required notice. The case is fully covered by *May* v. *Boston,* 150 Mass. 517, *Saunders* v. *Boston,* 167 Mass. 595, *Ledwidge* v. *Hathaway,* 170 Mass. 348, *Goodwin* v. *Fall River,* 228 Mass. 529.

*Exceptions overruled.*