[No. 4711. Decided December 29, 1903.]

OTTO EHRHARDT, *Appellant*, v. CITY OF SEATTLE, *Respondent.*[1]    •

MUNICIPAL CORPORATIONS — CHARTER — AMENDMENTS — CLERICAL ERROR IN NOTICE. An amendment to a section of a city charter relating to the filing of claims against the city is not invalidated by a clerical error in referring to the same as § 29, art. 8, in the resolution and notice submitting the same to a vote of the people, when it clearly appears from the section set out in full that § 29, art. 4, was intended.

[1]Reported in 74 Pac. 827.

SAME—SUBMISSION OF AMENDMENTS—RESOLUTION OF CITY
COUNCIL—LEGISLATIVE ACT. A city council may submit amend-
ments to the city charter to a vote of the people by a resolution,
when the charter provision relating thereto simply provides that
the amendments shall be "proposed" in the city council, since
such resolution is temporary and ministerial in its nature, and is
not a legislative act within the requirement of the charter that
all legislative acts shall be by ordinance.

MUNICIPAL CORPORATIONS—ACTIONS—PRESENTING CLAIMS—EX-
CUSE FOR FAILURE TO PRESENT IN TIME. Where a claim was pre-
sented on the 31st day after the injury, a sufficient excuse for
failure to present the claim within 30 days, as required by the
charter, is shown by an allegation in the complaint that plaintiff
was disabled by the injury from attending to any business for
more than thirty days and that he presented the claim as soon
as he was able to determine the extent of his injuries; and sus-
taining a demurrer to such a complaint is error, since plaintiff's
incapacity is a question of fact for the jury.

Appeal from a judgment of the superior court for King
county, Morris, J., entered April 8, 1903, upon sustaining
a demurrer to the complaint, dismissing an action for per-
sonal injuries. Reversed.

*William Martin* and *W. A. Keane,* for appellant.

*M. Gilliam* and *William Parmerlee,* for respondent, to
the point that plaintiff's personal inability to present a
claim was no excuse, if he was able to procure another to
present it in his behalf, cited: *May v. Boston,* 150 Mass.
517, 23 N. E. 220; *Mitchell v. Worcester,* 129 Mass. 525;
*McNulty v. Cambridge,* 130 Mass. 275; *Lyons v. Cam-
bridge,* 132 Mass. 534; *Saunders v. Boston,* 167 Mass. 595,
46 N. E. 98.

MOUNT, J.—On the 10th day of September, 1902, ap-
pellant was injured by being thrown from his wagon while
riding along a public street in the city of Seattle. On the
11th day of October following, he filed with the clerk and
presented to the city council his verified claim for dam-

ages. Thereupon he commenced this action against the city to recover the damages for which his claim was filed. He alleged in his complaint that his injuries were caused by the negligence of the respondent in allowing the street upon which he was driving to be and remain in a defective and dangerous condition. The city demurred to this complaint, and the demurrer was sustained by the court upon the ground that the claim for damages was not presented within time. Plaintiff refused to plead further, whereupon final judgment was entered dismissing the action. Plaintiff appeals, contending (1) that the city charter which requires claims of this kind to be filed within thirty days is invalid, and (2) that a sufficient excuse for failure to present the claim within the thirty days is alleged in the complaint.

(1)  Prior to March 4, 1902, § 29, art. 4, of the city charter of Seattle was as follows:

:  "All claims for damage against the city must be presented to the city council and filed with the clerk within six months after the time when such claim for damages accrued, and no ordinance shall be passed allowing any such claim or any part thereof, or appropriating money or other property to pay or satisfy the same or any part thereof, until such claim has first been referred to the proper department, nor until such department has made its report to the city council thereon, pursuant to such reference. No action shall be maintained against the city for any claim for damages until the same has been presented to the city council and sixty days have elapsed after such presentation."

Art. 8 of the city charter of Seattle has reference to the board of public works. § 29 is as follows:

"Said board shall, when authorized by ordinance of the city council, construct such sewers, reservoirs, and pumping works, whether within or without the city, as may be

necessary to carry out the general system of sewerage of the city."

On the 16th day of December, 1901, the city council of Seattle passed the following resolution:

"Resolution No. 635. Proposed Amendment No. 2. A resolution and proposition to amend § 29 of art. 8 of the city charter, and providing for the submission of such proposed amendment to the qualified voters of the city of Seattle at the next general election. Be it resolved by the city council of the city of Seattle as follows: That § 29 of art. 8 of the city charter of the city of Seattle be amended so as to read as follows: § 29. All claims for damages against the city must be presented to the city council and filed with the clerk within thirty days after the time when such claim for damages accrued, and no ordinance shall be passed allowing any such claim or any part thereof, or appropriating money or other property to pay or satisfy the same or any part thereof, until such claim has first been referred to the proper department, nor until such department has made its report to the city council thereon pursuant to said reference. No action shall be maintained against the city for any claim for damages until the same has been presented to the city council and sixty days have elapsed after such presentation."

This resolution was regularly entered upon the journal, and the ayes and noes recorded thereon. Thereafter a notice, as required, was regularly given for the submission of the proposed amendment to the electors, in which notice it was stated that the proposed amendment was No. 2, and "the proposed amendment to § 29 of art. 8 of the city charter relating to the filing of claims for damages against the city," and a direction was given to the voters how to vote for and against the proposed amendment. At the election held thereafter on March 4, 1902, the amendment was adopted by a large majority of the electors, and subsequently, by a proclamation of the mayor, was declared

a part of the charter of Seattle.    It is contended by appellant that the proposed amendment is invalid for two reasons:    (1) because upon its face the resolution purports to amend § 29 of art. 8 to which it is not germane, while § 29 of art. 4 remains unchanged; (2) because the object of the resolution is not clearly expressed in its title.    It is apparent from a reading of § 29 of art. 8 and § 29 of art. 4 of the charter above quoted, that the object of the resolution was to amend § 29 of art. 4, and that the insertion of the words "art. 8" was a clerical error.    The real question, therefore, is whether or not a resolution of this kind falls within the provision of § 10 of art. 4 of the city charter, which is as follows:

"Every legislative act of the city shall be by ordinance; every ordinance shall be clearly entitled, and shall contain but one object which shall be clearly expressed in the title. The enacting clause of every ordinance shall be:    'Be it enacted by the city of Seattle as follows.'"

This provision of the city charter manifestly applies to ordinances, as that term is commonly understood, such as are purely legislative as laws of the city which by their nature prescribe a general and permanent rule.    Legislation of this character must be passed in the manner and with the formalities provided in that section, but it does not follow that resolutions, which are initiative or of a temporary nature and are ministerial merely, are to be classed as *legislative acts,* and adopted with the same formality as permanent laws.    It is said by Horr & Bemiss in their work on Munc. Police Ordinances, at § 210, that:

"A resolution is a less formal act than an ordinance. All legislative acts of a municipal corporation which are to have continuing force and effect, and which are to constitute regulations of local matters until repealed or supplanted, are permanent in their nature and must be expressed in the form of ordinances.    But municipal cor-

porations have many other acts to perform of a quasi-legislative nature which are purely temporary in their effect.
. . . As a rule, all matters upon which the council wishes to *legislate* must be put in the form of an ordinance, and all acts that are done in its *ministerial* capacity may be done in the form of resolutions. Of course, if any other mode is prescribed it must be closely adhered to. Resolutions are not subject to the formalities prescribed for the enactment of ordinances, unless specifically directed."

To the same effect see: Elliott's Elements of Munc. Corp., § 193; Beach, Munc. Corp., §§ 483, 484; *Burlington v. Dennison*, 42 N. J. L. 165.

Section 1 of art. 20 of the charter of Seattle, relating to the manner of amending the charter, provides:

"§ 1. Any amendment or amendments to this charter may be proposed in the city council, and if the same shall be agreed to by a majority of all the members elected, such proposed amendment or amendments shall be entered upon the journal, with the yeas and nays of the members voting thereon. Upon the passage of any such amendment or amendments, the same shall be submitted to the electors of the city."

No formality is provided for proposing such amendments. The provision is that the amendment shall be *proposed* in the city council. There are no specific directions for such proposal, and no requirement that the proposal shall be in the form of an ordinance, or that any formality shall be observed. Since a proposal of this kind is not legislative in the sense that it is a permanent law regulating the affairs of the city over which the council has control, we conclude it is, and was intended by § 1 of art. 20, *supra*, to be a ministerial or quasi-legislative act, and therefore, under the authorities cited, may be passed by resolution without the formalities required of an ordinance. Several authorities are cited by appellant to the effect that

an act of the legislature which attempts to amend another act by reference to its section merely is void. The authorities cited are in point upon that question, but they are not in point upon the question under consideration, for the reasons above given. The lower court was right, we think, in holding the amendment valid.

But the case must be reversed for the reason that plaintiff alleged a sufficient excuse for not presenting his claim within the thirty days. The claim was presented on the 31st day after the injury. The complaint alleges:

"That, for more than thirty days after the plaintiff was injured, the plaintiff suffered great pain, and was disabled from attending to or transacting any business, and was confined to his bed the greater portion of said time; and that, on or about the 11th day of October, 1902, and within six months after the claim for damages hereinbefore alleged accrued, and as soon as plaintiff was able to determine with a reasonable degree of certainty the extent of his injuries which he received as hereinbefore alleged, he presented to the city council of defendant, the city of Seattle, and filed with the clerk of said city, a claim for the damages hereinbefore set forth, being the same damages sued for in this action; and that plaintiff did not know and was unable to determine at said 11th day of October, 1902, or even after said date, that he would be crippled for life as a result of his said injuries; and that said claim was disallowed by said city council, and more than sixty days elapsed after the presentation of said claim, as aforesaid, and the commencement of this action."

In the case of *Born v. Spokane,* 27 Wash. 719, 68 Pac. 386, we held that the plaintiff was not required to file his claim within thirty days where there was such mental or physical incapacity as to make it unreasonable for him to do so, and that such incapacity was a question of fact for the jury. The allegation of the complaint in that case was

to the effect that the injuries received so crippled and disabled the plaintiff that he was confined to his bed for ten weeks from the date of the accident, and was by reason thereof unable to attend to the filing of his claim.

In the case at bar the allegation is that for more than thirty days after the injury the plaintiff was disabled from attending to or transacting *any business.* While this allegation is not as specific as the one in *Born v. Spokane,* it is broader, because it shows incapacity for any business. If it is true that plaintiff was disabled from transacting any business for more than thirty days, then, under the rule in *Born v. Spokane,* he was excused for not filing the claim until the thirty-first day. This case in this respect is not distinguishable from that. The court therefore erred in sustaining the demurrer upon the ground that the claim was not filed in time.

The cause is reversed, with instructions to overrule the demurrer.

FULLERTON, C. J., and HADLEY, DUNBAR, and ANDERS, JJ., concur.