[No. 11602. Department Two. March 20, 1914.]

MARY A. BENSON et al., Appellants, v. THE CITY OF SEATTLE, Respondent.[1]

MUNICIPAL CORPORATIONS — CLAIMS — PRESENTATION — CONDITIONS PRECEDENT. Under Seattle city charter, art. 4, § 29, and Rem. & Bal. Code, §§ 7995, 7996, making it mandatory to present a claim for damages to the city council of cities of the first class in the manner required by the charter, within thirty days after the damages accrued, the presentation of such claims is a condition precedent to action.

SAME—FAILURE TO FILE CLAIM—EXCUSES. Failure to file a claim against a city within thirty days after sustaining personal injuries by a fall upon a sidewalk cannot be excused by the disability of the party, where, for two weeks after the accident, she was not incapacitated, and filed no claim because she supposed her injuries were of a trifling nature.

Appeal from a judgment of the superior court for King county, Mackintosh, J., entered June 18, 1913, upon the verdict of a jury rendered in favor of the defendant, dismiss-

[1]Reported in 139 Pac. 501.

ing an action for personal injuries sustained in a fall upon a sidewalk. Affirmed.

*Willett & Oleson*, for appellants.

*James E. Bradford* and *Howard A. Hanson*, for respondent.

MOUNT, J.—In this case, the plaintiffs sought to recover damages from the city by reason of an alleged injury received by Mrs. Benson, caused by a fall upon a sidewalk in the city of Seattle.

The complaint alleges that the injury was sustained because the city negligently maintained the sidewalk in a dangerous condition. The case was tried to the court and a jury. Upon the trial, the jury returned a verdict in favor of the defendant. After a motion for a new trial was denied and the action dismissed, the plaintiffs appealed.

Numerous errors are assigned and voluminous briefs filed; but the conclusions we have reached upon the points hereinafter noticed are conclusive of the case, and it will therefore be unnecessary to notice other points discussed in the briefs.

According to the allegations of the complaint and the evidence of the plaintiffs, Mrs. Benson was injured by a fall upon a sidewalk, in the city of Seattle, on January 22, 1912. Her claim for damages was not filed with the city until May 3, 1912, more than three months after the date of the injury. The plaintiffs seek to excuse this delay by an allegation in the complaint to the effect that, as a result of the injuries, Mrs. Benson, in less than thirty days thereafter, became incapacitated to transact business with the usual means at her command, and that this incapacity existed until about April 29th; that, within a reasonable time after the incapacity was removed, to wit, on May 3d, the claim was filed.

The plaintiffs' evidence also shows that, at the time of the alleged injury, no bones were broken and no serious incapacity resulted; that Mrs. Benson did not realize that she had

been injured beyond a bruise and the shock from the fall; that no person was with her at the time she fell, and upon returning to her home, she went about her usual duties, suffering somewhat from headache and pains; that she told her husband she had fallen upon the sidewalk, but did not relate the circumstances, nor the location of the fall; that, from the time of the injury on January 22nd until February 5th, Mrs. Benson was about as usual; that, between those dates, she made a trip from Seattle to Bellingham on a visit, and returned to her home on January 29, 1912.

The excuse for not filing the claim between January 22nd and February 5th was that she did not know or understand that she had sustained injuries sufficient to require compensation from the defendant; and that, thereafter, she became so incapacitated that she was unable either to make the claim or cause any other person to do so for her; that her husband had not been advised as to where the accident occurred or how it happened, or that the fall was due to any defect in the sidewalk; that, in going from her home to the street car, Mrs. Benson might have passed over the sidewalks on three different streets; that Mr. Benson had no means of finding out where or how the accident happened, except through Mrs. Benson, and neither of them thought there was anything serious until it was too late to get a coherent account of the accident.

The charter of the city of Seattle provides:

"All claim for damages against the city must be presented to the city council and filed with the clerk within thirty days after the time when such damages accrued. . . ." Seattle Charter, article 4, § 29.

The statute provides:

"Whenever a claim for damages sounding in tort against any city of the first class shall be presented to and filed with the city clerk or other proper officer of such city, in compliance with valid charter provisions of such city, such claim must contain, in addition to the valid requirements of such

city charter relating thereto, a statement of the actual residence of such claimant, by street and number, at the date of presenting and filing such claim; and also a statement of the actual residence of such claimant for six months immediately prior to the time such claim for damages accrued." Rem. & Bal. Code, § 7995 (P. C. 77 § 133).

Section 7996 (P. C. 77 § 135) provides:

"Nothing in this act shall be construed as in any wise modifying, limiting or repealing any valid provision of the charter of any such city relating to such claims for damages, but the provisions of this act shall be in addition to such charter provisions, and such claims for damages, in all other respects, shall conform to and comply with such charter provisions."

And Id., § 7997 (P. C. 77 § 137):

"Compliance with the provisions of this act is hereby declared to be mandatory upon all such claimants presenting and filing any such claims for damages."

In the case of *Ransom v. South Bend*, 76 Wash. 396, 136 Pac. 365, we had the same question under consideration as is presented in this case. After quoting the statute with reference to cities of the second, third, and fourth classes, which is substantially the same as the one hereinbefore quoted relating to cities of the first class, we said:

"We have held that the thirty-day limitation in this statute is mandatory; that the statute is clear, definite, and precise in its terms; that a compliance with its provisions is 'a condition precedent to the bringing of the action,' and that the giving of the notice 'in substantial compliance with the statute must be alleged and proven.' *Collins v. Spokane*, 64 Wash. 153, 116 Pac. 663, 35 L. R. A. (N. S.) 840; *Wolpers v. Spokane*, 66 Wash. 633, 120 Pac. 113; *Benson v. Hoquiam*, 67 Wash. 90, 121 Pac. 58. We have also held that physical or mental incapacity, running through the entire period fixed by a city charter for presenting claims against the city, excuses a compliance with the charter. *Born v. Spokane*, 27 Wash. 719, 68 Pac. 386; *Ehrhardt v. Seattle*, 33 Wash. 664, 74 Pac. 827. The appellant invites us to apply this rule of interpretation to the statute. This we cannot do without trench-

ing upon powers vested exclusively in a coordinate branch of the state government."

We think the rule stated in that case is conclusive of the question presented here, and that the plaintiffs' claim for damages was not filed within time; that it was a condition precedent to maintaining the action and, therefore, that there was no question to be presented for the jury to determine. We think it was clearly the duty of the court to instruct the jury to return a verdict for the respondent.

The appellants argue that the act of 1909, hereinabove quoted as Rem. & Bal. Code, §§ 7995, 7996, and 7997 (P. C. 77 §§ 133, 135, 137), was passed by the legislature after this court had construed the city charters as stated in *Born v. Spokane*, 27 Wash. 719, 68 Pac. 386, and *Ehrhardt v. Seattle*, 33 Wash. 664, 74 Pac. 827; and that the legislature must have intended, therefore, that the same construction would be placed upon those charter provisions after the passage of this act as before. If we concede this position, we are still satisfied that no sufficient excuse has been shown for not presenting the claim within the thirty days, because it is admitted, both in the complaint and in the evidence of the appellants, that, for a period of two weeks after the injury, Mrs. Benson was not incapacitated. The only excuse offered for not filing the claim within that time is that both Mr. and Mrs. Benson thought the injuries were so trifling that there would be no occasion for remuneration from the city. But it is apparent that, during that period of time, the appellants knew that Mrs. Benson had been injured. Mrs. Benson at least knew the location of the sidewalk upon which she was injured; and if she intended to make any claim against the city for such injury, it was the duty of the appellants to file the claim within the limited time. The fact that they thought the injuries were trifling and made no claim on that account, shows plainly that, up to that time, at least, they intended to file no claim and to waive the damages. It will not do to

say that, where there is capacity to file a claim, one need not be filed within the time. It is only in cases such as *Born v. Spokane* and *Ehrhardt v. Seattle, supra,* where there is no capacity to file the claim within time that failure to do so may be excused.

We are satisfied, therefore, that a correct result was arrived at in the case. The judgment of dismissal is therefore affirmed.

CROW, C. J., FULLERTON, MORRIS, and PARKER, JJ., concur.