[No. 11829. Department One. April 27, 1914.]

SARAH HALL, *Appellant*, v. THE CITY OF SPOKANE, *Respondent.*[1]

MUNICIPAL CORPORATIONS—CLAIMS — PRESENTATION — PLEADINGS— CONSTRUCTION. In an action against a city upon a claim filed by another on behalf of the plaintiff, an answer admitting that the claim attached to the complaint was filed in the office of the city clerk and rejected, does not admit that the plaintiff was physically or mentally unable to present her claim, or that it was legally presented.

SAME—CLAIMS—EXCUSES FOR FAILURE TO PRESENT. Where a person was able to present a claim against a city during the first twenty-nine days following the injury, the fact that she was confined to her home and unable to attend to business on the last day does not excuse her failure to file the claim in time, or authorize another to file and verify a claim on her behalf on the ground that she was "physically or mentally unable" to present the claim within thirty days, as provided in the city charter.

[1]Reported in 140 Pac. 348.

Appeal from a judgment of the superior court for Spokane county, Webster, J., entered April 16, 1913, upon granting a nonsuit, dismissing an action for personal injuries sustained in a fall upon a sidewalk.  Affirmed.

*Frederick W. Dewart* and *Frank R. Monfort*, for appellant.

*H. M. Stephens, Wm. E. Richardson, Ernest E. Sargeant,* and *Dale D. Drain*, for respondent.

Gose, J.—The plaintiff in this action has sued for injuries sustained to an eye from falling upon a concrete sidewalk, in the city of Spokane, on the 4th day of September, 1912.  She alleges that the walk had been out of repair for such a length of time that the city knew, or in the exercise of reasonable care ought to have known, its condition.  At the close of the plaintiff's testimony, the court withdrew the case from the jury, and entered a judgment in favor of the defendant.  Plaintiff has appealed.

On the 4th day of October, 1912, Sarah E. Barton, on behalf of the appellant, filed with the city a claim for damages.  In the verification, she deposed that the appellant "is unable" to sign the same.  The city charter of the city of Spokane provides that all persons having claims for damages for personal injuries sustained by reason of alleged negligence of the city must present such claim to the council "within thirty days after the injury or damage."  It also provides: "If the claimant is physically or mentally unable to present such claim within the time aforesaid, it may be presented and filed by some one in his behalf.  Failure to present such claim in writing, duly verified in the form, manner, and time aforesaid, shall bar any action against the city for such alleged damage or injury."  Spokane Charter, § 115.

In paragraph 6 it is alleged:

"That within thirty days after said injury, plaintiff duly presented her claim for damages to the defendant corpora-

tion, a copy of which is hereto attached and made a part hereof, and that said claim for damages was by said defendant rejected on or about the 30th day of November, A. D. 1912."

The city answered this paragraph as follows:

"Admits that the written instrument attached to the complaint and referred to in paragraph 6 thereof was filed in the office of the clerk of said city of Spokane on the 4th day of October, 1912, and that said claim for damages was rejected by the defendant on or about the date alleged in the complaint. The defendant denies each and every allegation contained in the said complaint not herein expressly admitted."

It is contended that the answer admits the due and legal presentation of the claim. This position is untenable. There is no allegation in the complaint that the appellant was physically or mentally unable to present her claim within the thirty days limited by the charter. Nor is this fact stated in the body of the claim. The only reference to it is in the verification. The legal effect of the answer is to admit that the claim attached to the complaint is a copy of the claim which was presented. In all other respects, paragraph 6 of the complaint is denied. The answer cannot be construed as an admission that the claim was legally presented, nor can it be construed as admitting it to be a fact that the plaintiff was "physically or mentally unable to present such claim" within the time limited by the charter.

The appellant in this behalf relies upon *Durham v. Spokane,* 27 Wash. 615, 68 Pac. 383. A reference to page 623 of the report will disclose that in that case it was alleged that the claim was presented by the claimants and duly verified by them. Under the issues, it devolved upon the appellant to prove that she was physically or mentally unable to present her claim within the charter period.

The appellant verified her complaint on the 5th day of December, 1912. She testified that, from the time of the accident up to the time she signed the complaint, her eyesight

was gradually failing, and that it was in a worse condition at that time than it was at the time the claim was filed. Mrs. Barton, the person who presented and verified the claim, testified that the appellant's eyesight was in a very bad condition for four months following the injury; that, during all that time, she had to poultice the appellant's eyes and bathe them with hot water, and that she and the appellant went to see the doctor every five days at first and then every ten days. The appellant tendered testimony which tended to show that, on October 4, the day the claim was filed, the appellant was confined to her home and unable to attend to business on account of the condition of her injured eye; that on that date, Mrs. Barton for the first time came to the office of the appellant's counsel; that it was late in the afternoon, and the claim had to be hurriedly prepared and presented. While these facts excuse counsel for a failure to comply with the provisions of the charter and the statute, they do not excuse the appellant. Our statute, Rem. & Bal. Code, § 7996 (P. C. 77 § 135), provides:

"Nothing in this act shall be construed as in any wise modifying, limiting or repealing any valid provision of the charter of any such city relating to such claim for damages, but the provisions of this act shall be in addition to such charter provisions, and such claims for damages, in all other respects, shall conform to and comply with such charter provisions."

Section 7997 (P. C. 77 § 137), provides:

"Compliance with the provisions of this act is hereby declared to be mandatory upon all such claimants presenting and filing any such claims for damages."

These statutes are so plain and unequivocal that they leave no room for construction. They require a compliance with both the statute and the charter. The case must be resolved against the appellant under the authority of *Benson v. Seattle*, 78 Wash. 541, 139 Pac. 501, and *Ransom v. South*

*Bend,* 76 Wash. 396, 136 Pac. 365. In the *Benson* case, the claim had not been presented within the time limited by the charter. The evidence showed that, for the first two weeks after the accident, the plaintiff was able to present her claim. She sought to excuse the failure to present the claim within the time limited by law by a showing of incapacity after the lapse of two weeks. In treating this question the court said:

"If we concede this position [that is, that the rule announced in *Born v. Spokane* and *Ehrhardt v. Seattle,* should be followed], we are still satisfied that no sufficient excuse has been shown for not presenting the claim within the thirty days, because it is admitted, both in the complaint and in the evidence of the appellants, that, for a period of two weeks after the injury, Mrs. Benson was not incapacitated. . . . It will not do to say that, where there is capacity to file a claim, one need not be filed within the time."

In *Born v. Spokane,* 27 Wash. 719, 68 Pac. 686, and *Ehrhardt v. Seattle,* 33 Wash. 664, 74 Pac. 827, the incapacity covered the entire period fixed by the city charter for presenting claims. In the *Born* case, the court said:

"We think the general rule is that it must be shown that there is such physical or mental incapacity as to make it impossible for the injured person to procure the notice to be served, and, if there is an actual incapacity, it makes very little difference in reason whether the incapacity is mental or physical."

No claim is made in the instant case that the appellant was unable to present her claim within the first twenty-nine days following the injury. Indeed, her own evidence shows that she frequently visited her physician during this time, that she was able to go about, and that she could have presented her claim in person. It is not contended that the charter provision is either unreasonable or invalid. The contention is that the appellant brought herself within its provisions. Under the authorities cited, the court was right

in withdrawing the case from the jury. The statute makes a compliance with the charter provisions mandatory.

The judgment is affirmed.

CROW, C. J., ELLIS, MAIN, and CHADWICK, JJ., concur.