[No. 12573.  Department Two.  July 21, 1915.]

ANDREW LINDBLOM et al., Appellants, v. THE CITY OF
SEATTLE, Respondent.[1]

MUNICIPAL CORPORATIONS—CLAIMS—PRESENTATION — PLEADING.  A complaint for damages against a city showing that the claim therefor was not presented within the thirty days prescribed by the city charter, is demurrable.

SAME—CLAIMS—FILING—WAIVER.  The fact that a city council considered and rejected a claim that was not filed within the time allowed by the city charter does not show a waiver of the provision relative to the presentation of claims.

SAME—CLAIMS—FILING—STATUTES—VALIDITY.  The provision of a city charter requiring all claims for damages against the city to be filed with the clerk within thirty days after the time when such claims accrue, is not inoperative because of the hardship it would work if given effect.

Appeal from a judgment of the superior court for King county, Smith, J., entered September 1, 1914, upon sustaining a demurrer to the complaint, dismissing an action in tort.  Affirmed.

P. P. Carroll and Charlotte F. Jones, for appellants.

MAIN, J.—The purpose of this action was to recover damages to lots 9 and 10, block 28, of Central addition to the city of Seattle, claimed to be caused by the grading of certain streets in the vicinity of these lots.

The allegations of the complaint, so far as here material, are in substance as follows:  That the defendant city, in making an outlet for certain water between Holgate and Plum streets, caused the property of the plaintiffs to be flooded during the months of January, February, and March, 1909, which flooding prevented the use and occupation of the premises until the fore part of June, 1909, and caused damages to the plaintiffs in the sum of $192; that in June,

[1]Reported in 150 Pac. 422.

1909, the defendant commenced to grade 18th avenue south, and in July and August of the same year caused a fill to be made on Plum street, which compelled plaintiffs' tenants to move out of the cottages which had been erected upon the lots above described, to the plaintiffs' damage in the sum of $2,300; that, on the 14th day of April, 1911, the plaintiffs prepared their claim against the city, and on April 17, 1911, filed the same with the comptroller thereof, which officer was *ex officio* clerk of the city; that the claim was, on the 17th day of April, referred to the streets and sewers committee of the city council, and on the 8th day of May, 1911, the claim, after being considered, was rejected. To the complaint, a demurrer was interposed, and sustained by the trial court. The plaintiffs refused to plead further and elected to stand upon their complaint. From a judgment dismissing the action, the appeal is prosecuted.

From the facts stated in the complaint, it appears that the claim was not filed for many months after the damages are alleged to have occurred. The charter of the city of Seattle, 1915, p. 37, § 29, provides:

"All claims for damages against the city must be presented to the city council and filed with the clerk within thirty days after the time when such claim for damages accrued, . . . ."

The claim presented was not within the time fixed by this charter provision. A complaint which fails to allege that the claim was presented to the city council and filed with the clerk within the time fixed by the charter does not state a cause of action. *Ransom v. South Bend,* 76 Wash. 396, 136 Pac. 365; *Benson v. Seattle,* 78 Wash. 541, 139 Pac. 501.

But it is claimed that the allegation of the complaint that the claim was referred to the streets and sewers committee, and after considering the same was rejected, shows a waiver on the part of the city of the charter requirement. Even if the city council has the power to waive the provision of the city charter relative to the presentation of claims, a question

which we do not now decide, the facts pleaded are not sufficient to show a waiver. *Cole v. Seattle*, 64 Wash. 1, 116 Pac. 257, Ann. Cas. 1913 A. 344, 34 L. R. A. (N. S.) 1166; *Collins v. Spokane*, 64 Wash. 153, 116 Pac. 663, 35 L. R. A. (N. S.) 840.

Upon the oral argument, however, we were invited to hold the provision of the charter in question inoperative, because to give it effect would work a hardship upon the appellants. The language of the charter is plain and positive. Without assembling the cases, it may be said that this court has a number of times sustained the charter provision as both constitutional and reasonable. It hardly seems necessary to again enter upon a detailed consideration and discussion of the question.

The judgment will be affirmed.

MORRIS, C. J., ELLIS, FULLERTON, and CROW, JJ., concur.