[No. 29917. *En Banc.* March 5, 1947.]

CATHERINE FORSETH, *a Minor, by Charles M. Forseth, her Guardian ad Litem, Appellant,* v. THE CITY OF TACOMA, *Respondent.*[1]

[1]Reported in 178 P. (2d) 357.

*Rex S. Roudebush* and *Chas. S. Lyons,* for appellant.

*Howard Carothers, Reuben C. Carlson,* and *Merton Elliott,* for respondent.

STEINERT, J.—This was an action to recover damages for personal injuries alleged to have been sustained by a minor while riding in a municipal bus. The trial court

sustained a demurrer to plaintiff's amended complaint and, upon the declination of the plaintiff to plead further, entered judgment dismissing the action, upon the ground that it appeared on the face of plaintiff's pleading that no claim had been filed by her against the defendant city within the time limited by law. Plaintiff appealed.

It appears from the amended complaint that, at about seven o'clock in the morning on September 8, 1944, appellant, Catherine Forseth, a girl seventeen years of age, was a passenger for hire on a bus which was owned and operated by the respondent, the city of Tacoma; that she was at the time on her way to work, being employed as a shipfitter's helper; that the driver of the bus operated the vehicle in a grossly negligent manner and at an excessive rate of speed, considering the foggy condition of the atmosphere then prevailing, and collided with the rear end of a truck; and that as a result of the collision, appellant, who with many other passengers was at the time standing in the aisle of the bus, was thrown violently backward against an iron railing and was severely injured.

Inasmuch as the demurrer attacks the legal sufficiency of the amended complaint, we quote the material portion thereof as contained in paragraph No. 5.

"The plaintiff [appellant] further alleges that at the time of the accident and injury described, she was 17 years of age and that at said time the City of Tacoma carried liability insurance covering the operation of the Belt Line bus service; that the Insurance Company which wrote the insurance is the Ohio Casualty Insurance Company of Hamilton, Ohio. A few days after the accident the plaintiff was contacted by an Insurance Adjuster operating from the office of one Arthur E. Campbell, 511 Dexter Horton Building, Seattle 4, Washington; said Adjuster was the representative of the Insurance Company to which reference is made; on the occasion referred to said Adjuster was requested by the Municipal Belt Line Division of the Department of Public Utilities of the City of Tacoma to contact the plaintiff and the other injured passengers, investigate the nature and extent of their injuries and, if possible, settle the claim of the plaintiff and the other passengers for and on behalf of the defendant [respondent] city; that

said procedure was the regular, routine method by which all of such claims had been handled and disposed of for years previous to said accident; that as such agent for the City of Tacoma, said Adjuster started negotiations with the plaintiff for the stated purpose of effecting a settlement covering all of her injuries and damages sustained as a result of the accident; that said Insurance Adjuster informed her at the beginning of the negotiations that he was the man who had the responsibility of negotiating for the settlement of claims on account of the personal injuries sustained by passengers on September 8, 1944, on the Belt Line bus, and that the plaintiff would be paid proper compensation for her injuries and damages; said negotiations were prolonged and delayed by the Adjuster and continued until substantially more than sixty days after the date of the accident, at which time the plaintiff was informed for the first time by the Adjuster that there was a sixty-day period provided by the Tacoma City Charter and that plaintiff's claim was at that time barred on account of her failure to file her claim within said period of sixty days following the accident and that there was nothing for the plaintiff then to do but accept the amount offered in settlement of her claim for damages and personal injuries or get nothing at all; the plaintiff immediately consulted an attorney, her present counsel; that the plaintiff was a minor and without knowledge or experience relative to her rights; that she did not know that a claim against the City of Tacoma was required under the Tacoma Charter, and that the Insurance Adjuster gave her no intimation that there was any such limitation relative to the presentation of a claim by her for the safeguarding and protection of her legal rights; on the contrary, the plaintiff alleges that for a period of more than sixty days after said accident the Adjuster led her to believe, and she did believe, as a result of his assurances and representations, that she did not need a lawyer and that she was perfectly safe in proceeding with her negotiations with the Adjuster; plaintiff further alleges that she was living away from her home and parents with married sisters during the four years preceding the accident and that during the time she has been working for wages she has tried to look after her own affairs. By reason of all of the foregoing, the plaintiff alleges that she was trapped as a result of the prolonged negotiations referred to, and the misleading representations of said agent of the City of Tacoma."

In a subsequent paragraph of her amended complaint, appellant alleged that, after it became apparent that there was no prospect of effecting a settlement, she prepared and presented to the city her claim, which was filed May 1, 1945; that more than sixty days had elapsed since the filing of the claim, and no action thereon had been taken by the city, wherefore she considered the claim as having been rejected; that, under the circumstances as alleged, the city had waived, and is estopped to plead, its right to enforce against her a strict compliance with the charter provision limiting the period for filing claims to sixty days after the date upon which the injuries were sustained; and that she was therefore entitled to a reasonable time within which to present her claim and bring suit thereon.

For convenient reference, we summarize the material allegations on which the appellant relies, as follows: The city of Tacoma carried liability insurance on the Belt Line bus service, on which appellant sustained her injuries. The adjuster and representative of the insurance company was requested by the "Municipal Belt Line Division of the Department of Public Works of the City of Tacoma" to interview the appellant with reference to the nature and extent of her injuries and, if possible, settle her "claim" therefor. This was in accordance with the regular procedure that had obtained for many years in the disposition of such claims. The adjuster began negotiations with the appellant for the purpose of effecting settlement for her injuries and, in such negotiations, informed her of his authority in that respect and advised her that she would be paid proper compensation for her damages. However, the adjuster prolonged and delayed the negotiations until more than sixty days had elapsed, and then for the first time notified her of the sixty-day limitation period prescribed by the city charter and at the same time advised her that all she could then do was to accept the amount offered to her. Appellant was a minor, residing away from her parents and living with her married sisters. She had no knowledge or experience relative to her rights and did not know

that the city charter required the filing of a claim. The adjuster gave her no intimation relative to the charter provision, but on the contrary led her to believe that "she did not need a lawyer," and that she was safe in conducting her negotiations with him.

Upon these allegations, appellant contends that the respondent city waived, and is estopped to plead, its right to insist upon strict enforcement of the sixty-day limitation for the filing of claims in such actions. The trial court held to the contrary.

In passing upon appellant's contentions, it is well to have definitely before us the statutory and charter provisions with reference to claims such as the one involved here.

Rem. Rev. Stat., § 9478 [P.P.C. § 368-1] (Laws of 1909, p. 181, § 1), provides:

"Whenever a claim for damages sounding in tort against any city of the first class shall be presented to and filed with the city clerk or other proper officer of such city, *in compliance with valid charter provisions of such city,* such claim must contain, *in addition to the valid requirements of such city charter relating thereto,* a statement of [actual residence, according to place and time, during a prescribed period]." (Italics ours.)

Rem. Rev. Stat., § 9479 [P.P.C. § 368-3] (Laws of 1917, p. 339, § 1), so far as material here, reads:

"Nothing in this act shall be construed as in anywise modifying, limiting or repealing any valid provision of the charter of any such city relating to such claims for damages, but the provisions of this act shall be in addition to such charter provisions, and such claims for damages, in all other respects, *shall conform to and comply with such charter provisions: Provided,* That if the claimant shall be incapacitated from verifying and filing his claim for damages within the time prescribed by charter, *or if the claimant be a minor,* . . . then the claim may be verified and presented on behalf of said claimant *by any relative or attorney or agent representing the injured person,* . . . and no action for damages now pending or hereafter brought shall be defeated by the failure of the *person* to verify or file the claim . . . where a claim has here-

tofore been verified and filed *within the time and in compliance with the terms of this act. . . .*" (Italics ours.)

It will be noted that this latter section provides that, if the claimant be a minor, the claim may be verified and filed on behalf of such claimant by any relative, attorney, or agent representing the injured minor.

Rem. Rev. Stat., § 9480 [P.P.C. § 423-51] (Laws of 1909, p. 182, § 3), prescribes:

"Compliance with the provisions of this act is hereby declared to be mandatory upon all such claimants presenting and filing any such claims for damages."

Turning now to the provisions of the Tacoma city charter, the following has been brought to our attention:

Section 133: "All claims for damages against the city, whether sounding in *tort* or arising out of contract, shall be presented in writing to the Council within sixty (60) days after the date upon which such damages are claimed to have been sustained. Such claims shall accurately state the time, place, cause, nature and extent of the alleged damages and give the actual residence of the claimant by street and number at the date of presenting such claim, and for six months immediately prior to the time such claim for damages accrued, and shall be verified by affidavit of the claimant *or such other person as may be authorized by law to verify such claims* [in this case by any relative, attorney, or agent representing the minor], to the effect that the same is true. No action shall be maintained against the city for any claim for damages until sixty (60) days have elapsed after such presentation. *The omission to present any such claim in the manner or within the time in this section provided, shall be a bar to any action against the city therefor.*" (Italics ours.)

Added emphasis to the foregoing section is supplied by § 132 of the city charter, which provides:

"Neither the Council, nor any department, board, officer or authority, shall allow, make valid or in any manner recognize any demand against the city which was not at the time of its creation a valid claim against the same, nor shall they or any of them ever allow or authorize to be paid any demand which, without such action, would be invalid or which shall then be barred by any statute of

limitations, or for which the city was never liable, and any such action shall be null and void."

It will be observed that § 133 of the Tacoma charter demands that all claims for damages against the city must be presented to the *council* within sixty days after the date upon which such damages are claimed to have been sustained, and that the omission to present such claims within that time *shall be a bar* to any action against the city therefor. It is also to be observed that the same section of the charter provides that such claims shall be verified by the affidavit of the claimant, *or such other person as may be authorized by law* to verify such claims, thus recognizing that, in the case of a minor, the claim may be verified by any relative, attorney, or agent representing the injured minor, as provided by Rem. Rev. Stat., § 9479.

This court has consistently held that charter provisions such as are here involved, fixing the time within which claims against municipal corporations must be filed, are reasonable and valid. *Postel v. Seattle,* 41 Wash. 432, 83 Pac. 1025; *Cole v. Seattle,* 64 Wash. 1, 116 Pac. 257, Ann. Cas. 1913A, 344, 34 L. R. A. (N.S.) 1166; *Haynes v. Seattle,* 83 Wash. 51, 145 Pac. 73 (the result of the opinion, though not the opinion itself, in that case was overturned on rehearing, in *Haynes v. Seattle,* 87 Wash. 375, 151 Pac. 789, because of the enactment of Rem. Rev. Stat., § 9479, pending the action); *Lindblom v. Seattle,* 86 Wash. 305, 150 Pac. 422.

The rule is well established in this jurisdiction that the requirements of Rem. Rev. Stat., § 9478, quoted above, and the valid requirements of city charters relating to the presentation of claims, are mandatory, and compliance therewith is a condition precedent to the bringing or maintenance of an action. *Duschaine v. Everett,* 5 Wn. (2d) 181, 105 P. (2d) 18, 130 A. L. R. 134, and cases therein cited.

We bear in mind the fact that many cases have arisen, both in this state and in other jurisdictions, wherein it was held that failure to give, or delay in giving, notice of accident or injury within the time required by statute or municipal charter, may nevertheless be excused by show-

ing extenuating circumstances such as physical disability or mental incapacity during the specified period. Most of the cases so holding, in this state, stem from the decision in *Born v. Spokane,* 27 Wash. 719, 68 Pac. 386. The cases of like import, from other states, will be found in annotations appearing in 31 A. L. R. 619; 59 A. L. R. 411; 109 A. L. R. 975.

In this connection, however, it is noteworthy that in 1917, a considerable period after the decision in the *Born* case, *supra,* the legislature of this state enacted Rem. Rev. Stat., § 9479, which authorized any relative, attorney, or agent, representing a claimant who is a minor or otherwise incapacitated, to verify and present the claim on behalf of such injured person. Whether, in the light of that statute, failure to file a claim against a municipality for damages within the required time may yet be excusable on similar grounds, is a debatable question. At any rate, it would seem that the circumstances alleged to be extenuating would have to present an extreme case, demonstrating a situation wherein it would be utterly unconscionable and unjust to enforce strict compliance with the amendatory provisions. However, it is not necessary for us presently to lay down any rule for such supposed cases, and for that reason we do not now express any considered opinion thereon.

In the instant case, appellant makes no contention that, simply because of her being a minor, she should be excused for failure to comply with the statutory and charter provisions. Her contentions are based solely upon these two propositions, as stated in her brief:

(1) "The sixty-day Charter Provision and the Statute (Rem. 9478) were never intended to apply to a case where the City is relieved of responsibility by virtue of the carriage of liability insurance."

(2) "If we assume that the Charter and the Statute apply, the facts admitted [by the demurrer] constitute a waiver and estop the City from raising the limitation bar against plaintiff's claim."

As to the first proposition, appellant concedes, and in her brief states, that the question of insurance was neither presented to nor decided by the trial court. We will assume,

however, that the suggested issue is properly before us for consideration.

█ It will be recalled that, with reference to the question of insurance, the amended complaint simply stated that, at the time of appellant's injury, "the City of Tacoma carried liability insurance covering the operation of the Belt Line bus service," and identified the particular casualty insurance company which underwrote the liability. The remaining allegations of the amended complaint dealt particularly with those things which the adjuster for the insurance company did, or failed to do, in his negotiations with the appellant.

The amended complaint gives no information as to the nature, conditions, or extent of coverage of the contract of insurance, except that the city "carried liability insurance" with a designated company. Appellant in her brief makes the unsupported statement that:

"Here the City is technically liable but its protection from all actual loss on account of carriage of private insurance simply means that the City is only a nominal party, the real party in interest being the insurance company which is bound, presumably, by contract to pay any judgment against the City which might be entered against it."

This statement is but an assumption on the part of the appellant. No facts are alleged in the amended complaint to warrant such inferences. The mere fact that the city carried some sort of liability insurance under a contract, the terms of which are not disclosed, does not establish "its protection from all actual loss," or that it "is only a nominal party." This action is not against the insurance company, but against the city, and any judgment which appellant might recover in the action would be against the city itself and would have to be paid by it, regardless of whether the city could thereafter look to the insurance company for reimbursement of the whole or any part of such judgment. Moreover, were the situation such as the appellant contends with respect to the city's "protection" under its contract of insurance, there is no allegation in her pleading from which it can be inferred that the policy of insurance did not pre-

serve to the company the right to avail itself of any defense that the city itself might have.

■ Furthermore, in the absence of some permissive statute or some similar provision in the policy itself, appellant could not have maintained an action against the insurance company without first obtaining a judgment against the city. 29 Am. Jur. 810, Insurance, § 1080.

In our opinion, the allegations of appellant's pleading with respect to liability insurance are not sufficient to render the statutory and charter provisions inapplicable.

■ Appellant's second proposition, stated above, presents the question whether the respondent city has, under the admitted facts, waived, and is therefore estopped to plead, the limitation bar of the statute and charter.

A definite and complete answer to this contention is that the amended complaint shows on its face that whatever authority the adjuster for the insurance company may have had in negotiating settlement of such claims, that authority was conferred upon him not by the city council, but only by "the Municipal Bus Line Division of the Department of Public Utilities of the City of Tacoma."

The officer designated by the charter as the superintendent of the Municipal Belt Line is but one of three superintendents appointed by the commissioner of public utilities (Tacoma charter, § 48), and the commissioner of public utilities is himself but one of five commissioners composing the city council. (Tacoma charter, § 18.) Appellant's claim is not against the Municipal Belt Line nor against the department of public utilities, but is against the city of Tacoma. The charter, § 133, requires that all claims for damages against the city be presented to the council, not to the department of public utilities, or any officer thereof.

The city council is the only authority which, under the charter, can receive and act upon such claims, and consequently it is the only authority, if there is any at all, which can waive compliance with the provisions of the organic law.

In *Cole v. Seattle,* 64 Wash. 1, 116 Pac. 257, Ann. Cas. 1913A, 344, this court had before it a question similar to the one involved here and, in that case, discussed and disposed of the question as follows:

"The city council is the only authority which, under the organic law of the city, can take cognizance of such claims, and it necessarily follows that it is the only authority which can waive compliance with the charter. Logically, a waiver could only be predicated upon some act of the council treating the defective or belated notice as a valid claim. It would be illogical to hold that any other person or body could waive for, or create an estoppel against, the city except that body which the law has designated to receive and act upon the claim. Any other construction would nullify the charter requirement. No act of the council was alleged in the complaint here in question as ground of waiver by, or as the basis of an estoppel against the city. The complaint does not allege that the claim, either verbal or written, ever reached the council within the thirty days, or that the council ever did any act which could be construed as a waiver after the filing of the sworn claim about nine months later. Neither of the persons to whom the informal notices were given was authorized to act for the council or for the city in that behalf. It would be a dangerous doctrine fraught with far reaching mischiefs to announce that any officer or employee of the city could bind the city or estop it of any right as to matters by its charter placed expressly within the cognizance of the city council only. If such a doctrine were adopted it would lead to endless confusion in the performance of contracts with the city, and in the administration of its many diverse business interests. We, therefore, hold that a compliance with the reasonable terms of the charter provision cannot be waived by statements or acts of any officer or employee of the city other than the city council, and that to establish a waiver by the council some affirmative cognizance of the claim, other than rejection by the council, must be pleaded and proved. In this we are in accord with the decided weight of authority. [Citing cases.]"

The case at bar presents a stronger barrier against recovery by the injured claimant than did the case of *Cole v. Seattle, supra,* in that the Tacoma charter (§ 133) contains a provision, which the Seattle charter did not include, namely:

"The omission to present any such claim in the manner or within the time in this section provided, shall be a bar to any action against the city therefor."

In the recent case of *Caron v. Grays Harbor County,* 18 Wn. (2d) 397, 139 P. (2d) 626, 148 A.L.R. 626, a situation analogous to the one here was presented. In that case, suit was brought against a county to recover damages for personal injuries sustained by the plaintiff in consequence of her slipping and falling from a ladder in the county clerk's office. The applicable statute therein, Rem. Rev. Stat., § 4077 [P.P.C. § 480-17], provides that all claims for damages against any county must be presented to the board of county commissioners of such county and filed with the clerk thereof within sixty days after the time when such claim accrued. The claim which was presented by the plaintiff in that case, although filed in time, concededly was defective in several respects and did not comply with the essential requirements of the statute. However, when that fact was specifically called to the attention of the county commissioners, at a regular meeting of the board, they declared, through the chairman, that the claim was sufficient in its statement.

The opinion in that case made reference to the settled rule in this state that the filing of a claim in accordance with Rem. Rev. Stat., § 4077, is a condition precedent to the maintenance of an action for damages against a county, and at the same time recognized the kindred rule that there must be a *substantial* compliance with the statute, citing the *Duschaine* case, *supra,* and others.

Rejecting the plaintiff's contention that the county commissioners by their words and acts had waived compliance with the statute, this court said:

"While there are some decisions to the contrary, the weight of authority is, in our opinion, clearly to the effect that municipal officers do not have the power or authority to disregard the plain, mandatory provisions of claim statutes and may not waive substantial compliance therewith." Many cases were cited in support of that statement.

The reasons assigned for that pronouncement were expressed thus:

"The adoption of such a rule not only affords the municipality a full opportunity to make a complete and intelligent investigation of the facts concerning the claim, but will also provide a safeguard against favoritism, negligence, or inattention on the part of officials to whom the affairs of the municipality are committed. Since, as we have heretofore indicated, the claim in question did not substantially comply with the essential requirements of the statute, the present action cannot be maintained."

There are, admittedly, two distinguishing features between that case and the one here. The first is that, there, the claim was against a county and arose under Rem. Rev. Stat., § 4077, while here the claim is against a city and is governed by the statutes and charter provisions previously quoted herein. The principle involved in both cases is, however, the same, and the reasons for a like enforcement of the applicable law are equally potent and controlling.

The second distinguishing feature is that, in the *Caron* case, *supra,* the issue involved the question of a "substantial compliance" with the statute with respect to the *contents* of the claim, while here the issue is with respect to the timely *presentation and filing* of the claim. Again, no distinction in principle, or in the propriety of enforcement, can be drawn. There might well be a "substantial compliance" with the statute or charter with respect to the description of an injury or the residence qualifications of a claimant, even though the claim were imperfectly phrased, but there can be no "substantial compliance" with the provision concerning the time within which a claim must be filed, except by filing it within that time.

In this instance, the claim was not filed within the required sixty-day period, and, under the rule declared in the *Caron* case, *supra,* the city authorities may not disregard the plain, mandatory provisions of the statute and charter with respect to the time of filing claims, and may not waive compliance therewith.

Appellant relies strongly upon the case of *Farrell v.*

*Placer County,* 23 Cal. (2d) 624, 145 P. (2d) 570, 153 A.L.R. 323, decided since the *Caron* case, *supra.* While the *Farrell* case does support appellant's contention, it falls within that category of cases which this court, in the *Caron* case, mentioned as constituting a minority holding and at the same time distinctly declined to follow. We have no inclination now to depart from our former holding. Among the more recent cases from other jurisdictions supporting this conclusion are *Johnson v. Chisholm,* 24 N. W. (2d) (Minn.) 232, and *Phillips v. Abilene,* 195 S. W. (2d) (Tex. Civ. App.) 147.

■ We will now refer briefly to the particular reasons given by the appellant for declaring that the city is estopped of its right to enforce against her a strict compliance with the sixty-day limitation provision of the charter. For the purpose of the present argument, we will assume that the insurance adjuster was acting as the agent of the city, rather than of the Municipal Belt Line or the department of public utilities.

It is said, first, that the adjuster advised appellant that she would be paid "proper compensation" for her damages. There is no allegation to the effect that the amount which he did offer her was not a proper compensation.

It is next claimed that appellant had no knowledge of the requirements of the charter. If that were a sufficient excuse, the charter provision would have little validity, for probably only a relatively few people outside the legal fraternity have such knowledge. The charter provision requires that "all claims for damages" shall be presented to the city council, not merely those of persons who may have knowledge of the charter requirements.

Appellant next complains that the adjuster gave her no intimation relative to the charter provision, but, on the contrary, "led her to believe that she did not need a lawyer." The adjuster was under no duty to inform her as to the provisions of the charter or as to her need for a lawyer. She was not an immature infant, without any business experience or capacity to transact such. She was seventeen years of age, had for four years previously been working

for wages, and, by her own allegations, had been looking after her own affairs. Moreover, for an extended period of time she did actually carry on negotiations with the adjuster with reference to her claim. Besides, she did have parents and at the time of her injury was, and had been, living with her married sisters, any of whom she might have consulted and all of whom were persons who, under the statute, could have presented a claim for her, or else have advised her that she needed a lawyer.

There are no allegations of fact sufficient to justify the statement in appellant's pleading that she was "trapped" by the prolonged negotiations or the representations made to her by the adjuster. She was in no way prevented from securing the services of an attorney, and her real complaint in this respect seems to be that the adjuster did not advise her to employ counsel. He was under no obligation to do so.

It may be unfortunate for appellant that she did not receive, or was not offered, as much compensation for her injuries as she thought she was entitled to, but here we have mandatory provisions of a statute and of a city charter with which there has not been compliance, and the reasons given for noncompliance are, in our opinion, as a matter of law, insufficient.

The judgment is affirmed.

MALLERY, C. J., ROBINSON, SIMPSON, JEFFERS, and HILL, JJ., concur.

MILLARD, J. (dissenting)—There is no "settled rule in this state that the filing of a claim in accordance with" the statute is a condition precedent to the maintenance of an action for damages against a municipal corporation (see *Cook v. Yakima*, 21 Wn. (2d) 810, 817, 153 P. (2d) 279, and subsequent opinions of this court).

Respondent, city of Tacoma, should be held estopped to question the actions of its representative, the agent of the insurance company. Respondent was acting in a proprietary capacity while operating its bus line. We held in *Strand v. State*, 16 Wn. (2d) 107, 132 P. (2d) 1011, that

the doctrine of equitable estoppel applies to a municipal corporation when it is acting in its proprietary capacity. In some cases in which the municipal corporation acts in its governmental or sovereign capacity, the doctrine of equitable estoppel may be invoked. *Bennett v. Grays Harbor County,* 15 Wn. (2d) 331, 130 P. (2d) 1041.

The allegations of the complaint as set out in the majority opinion are sufficient to bring the case at bar within the rule of estoppel by misrepresentation, or equitable estoppel. *Strand v. State, supra;* 21 C. J. 1113.

*Caron v. Grays Harbor County,* 18 Wn. (2d) 397, 139 P. (2d) 626, 148 A. L. R. 626, is distinguishable on the facts, a reading of that opinion will disclose, from the case at bar, which is within the spirit of the rule announced in *Ames v. Department of Labor & Industries,* 176 Wash. 509, 30 P. (2d) 239, 91 A. L. R. 1392.

An infant, under the rule announced by the majority, is not afforded the protection of which we boast. Under the law declared *for the present* by this court, if a person were rendered unconscious by an accident and remained in a state of coma during the period in which a charter, ordinance, or statute required filing of claim as a condition precedent to maintenance of action for injury inflicted, such person's right of action would be barred. That is not sound in law or morals.

The judgment should be reversed, with direction to the trial court to overrule the demurrer.

SCHWELLENBACH and ABEL, JJ., concur with MILLARD, J.

---

April 7, 1947. Petition for rehearing denied.